Davis, J.,
delivered the opinion of the court:
This case, transmitted to us under the Bowman Act by the Committee on War Claims of the House of Representatives, the Government moves to dismiss for want of jurisdiction, con *118 tending that as tbe claim was presented to the Southern Claims Commission and rejected there, it is covered by section 3 of the Bowman Act, which provides that this court shall not have “jurisdiction of any claim against the United States which is now barred by virtue of the provisions of any law of the United States.” (22 Stat. L., 485.)
It is urged by the defendants that the rejection by the commission and the failure by Congress to make an appropriation to pay the claim amount to a final adverse adjudication, and that it was not alive and pending when the Bowman Act was passed.
The only express bar against claims within the jurisdiction of the Southern Claims Commission is found in the Act of 1871 (16 Stat. L., 524), which provides that all claims described therein not presented in time to the board shall “ be barred and shall not be entertained by any Department of the Government without further authority of Congress.” The claim now under consideration having been presented to the commission • does not fall within this specific prohibition.
But the Bowman Act does not require ari express statutory bar; it is broader in its scope, and deprives this court of jurisdiction over a claim then barred “by virtue of the provisions of any law of the United States,” and this clause has been construed as follows: The section “ does not mean merely the provisions of any law of limitation, but of any law; nor does it mean any express law having the claims in direct prohibitory terms, but any law which has the effect of barring it.” (Ford’s Case, 19 C. Cls. R., 519.)
The Southern Claims Commission was established for the consideration of claims possessing no merit in law, but which appealed to the equity and justice of Congress, the only power which had jurisdiction over them and could afford a remedy for the injuries out of which the claims arose.
The commission was empowered (16 Stat. 2., 524) “to receive, examine, and consider the justice and validity” of the class of claims referred to them, to report thereon in writing, to “certify the nature, amount, and value of property taken, furnished, or used,” and also to report the claims rejected as unjust or invalid “ with the reasons therefor ” (§ 2), and (§ 4); “ they shall make report of their proceedings and of each claim considered by them at the commencement of each session of Congress to *119 the Speaker of the House of Representatives, who shall lay the same before Congress.”
The powers of the commission were not judicial but advisory to Congress and exercised in aid of that body; the board could enter no judgment, and their conclusions were not binding upon the legislative branch of the Government; in legal effect their report was that of a special committee charged with preliminary investigation, the final decision remaining with Congress.
After the several reports, appropriation bills were passed in due course providing for the payment of cases favorably reported, but whether for all such cases does not appear, nor does it appear whether the appropriation bills did not include some of the claims adversely reported. This, however, is not important, as the claim at bar was not included, and Congress undoubtedly had the power, whether exercised or not, to overrule the commission.
The appropriation acts contain no provisions different from those usually found in statutes of this nature, but simply authorize the Secretary of the Treasury to pay the persons named, such payment to be a full and final discharge of their claims. No language can be found iu these acts adopting expressly, or even impliedly, except as to the cases wherein payment is provided, the conclusions of the commissioners.
It was manifestly the intention of Congress through the aid of the commission to close the discussion of claims placed within the jurisdiction of that board, but this was to be accomplished in the manner and form prescribed; that is, through examination by them, followed by a report upon which Congress would act as in its discretion it should deem just. In the case at bar there is a report by the commission, but no decision by Congress. The claimant, therefore, has not exhausted the remedy given him, and the claim is still “pending” and subject to transmission to this court under the provisions of the Bowman Act. The claim was presented to the commission within the prescribed period, and therefore is not within the statutory bar. The commissioners had no power of final adjudication, and Congress, where that power rests, has not acted. (Belt's Case, 15 C. Cls. R., 92.) We are therefore of opinion that the case is within the jurisdiction of this court.
Motion denied.