Richardson, Ch. J.,
delivered the opinion of the court:
The claim in this case was transmitted to the court under the provisions of the Bowman A ot (22 Stat. L., 485) by.the Committee on War Claims of the House of Representatives on the 26th day of February, 1884, and was argued by P. E. Dye, esq., of counsel for the claimant, and Lewis Cochran, esq., of counsel for the defendants.
*489 The petition alleges in substance that the claimant and his now deceased partner, Robertson Topp, were in the year 1863 the owners of 170 bales of cotton, which were stored on the plantation of Mrs. Mary A. Butler, in Sunflower County, in the State of Mississippi; that in February, 1864, said cotton was seized by the military forces of the United States and turned over to the quartermaster at Vicksburg, Miss., where was stored also cotton seized in like manner from other parties by the military authorities; that upon application to a military board there convened, the board recommended “ that said 170 bales of cotton be turned over to Messrs. Topp & Vance, or their agent, or the same number of bales from any cotton that may have been confiscated and kept for the benefit of the Government, upon payment to proper authority, of a reasonable sum for freight and storage,” and that said order was never executed, and he lias never received the cotton nor the proceeds thereof.
From these alleged facts, upon which the claimant relies, it is clear that the cotton in question belonged to that class of property which, by the Owptnred or Abandoned Property Aet of March 12, 1863 (12 Stat. L., 820), was required to be turned over to Treasury agents, sold, and the proceeds paid into the Treasury.
Section 6 of that act is as follows:
£c Sec. 6. That it shall be the duty of every officer or private of the regular or volunteer forces of the United States, or any officer, sailor, or marine in the naval service of the United States, upon the inland waters of the United States, who may take or receive any such abandoned property, or cotton, sugar, rice, or tobacco from persons in such insurrectionary districts,' or have it under his control, to turn the same over to an agent appointed as aforesaid, who shall give a receipt therefor; and in case he shall refuse or neglect so to do, he shall be tried by a court-martial, and shall lie dismissed from the service, or, if an officer, reduced to the ranks, or suffer such other punishment as said court shall order, with the approval of the President of the United States.”
The third section of the act allowed any person deemed to be the owner of any such property to prefer his claim to the Court of Claims at any time within two years after the suppression of the rebellion for the recovery of the proceeds thereof in the Treasury. After the lapse of those two years all claims for such property not previously preferred to this court were *490 barred, and so within the meaning of the third section of the Bowman act are excluded from the jurisdiction of this court thereunder.
The petition is dismissed for want of jurisdiction, and the clerk of the court will transmit a copy of these findings to the Committee on War Claims of the House of Representatives.
Scofield, J., was absent on the day when the judgment was ■announced, but sat in the case and took part in the decision.
Weldon, J., was prevented by illness from sitting in the ease and took no part in the decision.