Richardson, Ch. J.,
delivered the opinion of the court:
The claim in this case was referred to the court by the Committee on War Claims of the House of Representatives, May 17, 1884, under the provisions of the Bowman Act (1883, March 3, ch. 116, 22 Stat. L., 485). On the 12th day of June, 1884, the claimant filed her petition, in which she alleged, in substance, that she was the executrix of Armistead Burwell, deceased, who in the year 1863, at Vicksburg, Miss., was the owner of 135 hogsheads of sugar, weighing 1,000 pounds each, and 14 boxes sugar, weighing 400 pounds each, which were taken from him by officers of the United States Army and used for military purposes; that the claim therefor was presented to the late Southern Claims Commission and allowed; the value of the sugar fixed at 8 cents a pound, and the amount allowed at that price, $11,248, was paid to the claimant in accordance with the Act of June 14,1880 (21 Stat. L., 564), and received under protest, made to the Secretary of the Treasury, that she did not accept it in full settlement of said claim, but should thereafter claim full payment of her demand.
The defendants filed, October 30,1886, a motion to dismiss for want of jurisdiction, on the ground that the claim is barred within the meaning of the last clause of section 3 of the Bowman Act, which is as follows :
“Nor shall the said court have jurisdiction of any claim against the United States which is now barred by virtue of the provisions of any law of the United States.”
In one of the earliest cases which came here under that act we were obliged to determine the meaning of the word “ barred” as therein used. In the opinion by Chief-Justice Drake it was said, with the approval of all the judges, that “this does not mean merely the provisions of any law of limitation, but of lany law.7 Nor does it mean any express law barring the claim in direct prohibitory terms, but ‘ any law ’ which has the effect of barring it.” (Ford’s Case, 19 C. Cls. R., 519.)
*97 This decision was cited and reaffirmed, and the very language of the Chief Justice quoted with approval in the opinion by Judge Scofield, in Mitchell’s Case (21 C. Cls. R., 318), and also in Dodd’s Case (21 C. Cls. R., 117), where, in the opinion by Judge Davis, a distinction was drawn in cases reported by the Southern Claims Commission, between those not acted upon by Congress and those which were acted upon either by rejection or confirmation. And it was again followed in Topp and Vance Case (21 C. Cls. R., 488).
The law in relation to bar by former judgment is thus well summed up in 6 Wait’s Actions and Defenses, 767, upon the authorities there cited which we omit:
“At common law a judgment is the decision or sentence of the law pronounced by a court, or other competent tribunal, upon the matter contained in the record, and a judgment is properly deemed a bar to further litigation, on principles of public policy, because the peace and order of society require that a matter once litigated should not again be drawn in question between the same parties or their privies. Human life is not long enough to allow of matters once disposed of being brought under discussion again $ and for this reason it has always been considered a fundamental rule that when a matter has once become res judicata, there shall be an end of the question about it.”
In the case Cromwell v. County of Sac (94 U. S. R., 352), in relation to the effect of a former judgment set up by the defendants, Mr. Justice Field, speaking for the Supreme Court, said:
“In considering the operation of this judgment it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissable matter which might have been offered for that purpose.”
The same doctrine is enunciated in Thompson et al. v. Roberts et al. (24 How., 233), United States v. Nourse (9 Pet., 27), Hopkins v. Lee (6 Wheaton, 109), and numerous other cases.
The claimant’s case comes within the spirit of these authorities. The Southern Claims Commission was organized “ to re *98 ceive, examine, and consider the justice and validity of such claims as shall be brought before them of those citizens who remained loyal adherents to the cause and the Government of the United States during the war, for stores or supplies taken or furnished during the rebellion for the use of the Army of the United States, proclaimed as in insurrection against the United States,” to publish notices of their services, to keep a journal of their proceedings and a record “ showing the date of presentation, number, name, and amount, if any allowed,” and to report the same to Congress.
The claimant presented to that tribunal and was heard, or had an opportunity to be heard thereon, her claim for which the Government was not otherwise liable. The Commissioners allowed her $11,248 for the supplies alleged to have been taken and used by the defendants, and reported the same to Congress. Thereupon the Act of June 14, 1880, chapter 220 (21 Stat. L., 558, 564), was passed, as follows:
“ Be it enacted, &c., That the Secretary of the Treasury be, and he is hereby, authorized and required to pay, out of any money in the Treasury not otherwise appropriated, to the several persons in this act named, the several sums mentioned herein, the same being in full for, and the receipt of the same to be taken and accepted in each case as a full and final discharge of, the several claims presented by such person to the Commissioners of Claims under the act of March 3d, 1871, and reported to the House of Eepresentatives under said act, namely:
“ To Priscilla W. Burwell, executrix of Armistead Burwell, deceased, eleven thousand two hundred and forty-eight dollars.”
The claimant received the amount thus appropriated by that act, and this consummated the proceedings and closed the controversy. A more complete finality or more perfect bar to further controversy between the parties on this claim can hardly be conceived.
There is no question of the effect of part payment in discharge of the whole debt involved in this case, as was argued at the bar. The judgment of the Commissioners, to whom both parties submitted the case, was that the sum allowed was the whole amount due the claimant, and the defendants paid the same as the whole amount due, and it was so accepted by the claimant. The protest of the claimant to the Secretary of the Treasury is *99 immaterial and without force. The Secretary was directed to pay the amount to the claimant, to be taken as a full and final discharge of the claim presented to the Commissioners. The Secretary had no discretion to retain the money because of the .protest. He was a mere ministerial officer to execute the will of Congress as expressed in the act, and he could not alter the law nor destroy its effect. The parties were concluded by the terms of the act, and nothing which took place between the claimant and Secretary of the Treasury was of any effect. (Savage Ex. v. United States, 92 U. S. R., 382.)
The claimant seeks to have this court review the soundness of the conclusions reached by the Commissioners as to the value of the property taken, after receiving payment in full for all they allowed. If that could be done it would permit the opening and review of all the decisions of the numerous commissions and tribunals established by Congress since the foundation of the government, which. it is impossible to believe was within the objects of the Bowman Act. On the contrary, the third section of that act clearly bars them from the jurisdiction of this court. The motion is sustained and the petition dismissed.
Nott, J.:
In the case of an express contract and liquidated debt, payment of a part is not payment of the whole. But where the contract is implied, the consideration undetermined, and the .amount of the debt unliquidated, payment by the debtor with the avowed intent of discharging the debt is payment in full. In such a case protest or notice by the creditor avails nothing; if he accepts the money he accepts it on the debtor’s terms.
A claim, demand, or cause of action merged in an award which has been satisfied in full is extinguished. In this case the claim was not only barred by th¿ express terms of the Southern Claims Commission Act (20 Stat. L., p. 550, § 5), but had ceased to exist by reason of the merger and satisfaction. There was no claim for the committee to transmit, and there is mo claim which the court has jurisdiction to investigate.