Davis, J.,
delivered the opinion of the court:
Claimant’s intestate presented to the Quartermaster-General a claim for losses sustained by him. The Quartermaster-General found that 2,680 cords of timber had been used by the Army, of which three-fourths was chargeable to his department. He accordingly recommended an allowance therefor at the rate of $1 per cord, and also an allowance for fencing. The following is the claim as stated by the Quartermaster’s Department:
3,010 cords, at $1.'. $2,010.00
38 cords fencing, at $3. 114.60
Total. 3,124.60
April 23, 1873, the Third Auditor stated the account for standing timber only; May 3, 1873, the Second Comptroller certified this account for payment, and claimant was paid the sum pf $2,010.
The remaining fourth of the standing timber, disallowed by the Quartermaster-General on the ground that, as it was used in the construction of forts, it was not within his jurisdiction, was referred by the Third Auditor to the Chief of Engineers June 2, 1878, who, June 20, 1878, returned the claim to the Third Auditor, refusing to allow it, on the ground that “ there is no authority of law for the payment of this and similar claims for injuries committed or materials taken to be used in the construction of defenses during the late war.” Thereafter, upon September 17, 1878, the Third Auditor stated the following account:
“ For 670 cords of wood, at $1 per cord¿ used in construction of Fort Kearny, $670,” and made it payable out of the appropriation for “ contingencies of fortifications, including field works, prior to July 1,1870.” September 20,1873, this account was certified for payment and was paid. Throughout the whole transaction the claim was treated as one for cord-wood, and the claimant voluntarily accepted the settlement of his claim in this form by a tribunal apparently having power in the *319 premises, and by which it can not be re-opened unless fraud has been committed or newly-discovered evidence is produced.
It is not necessary for us to decide whether the Third Auditor and Second Comptroller were or were not correct in their interpretation of the law. If they were correct and had power to finally settle the claim, then it is barred in this court by the third section of the Bowman Act. (Marshall et al. v. The United States, 21 C. Cls. R., p. 307.)
If the Treasury officers erred, still the claimant is in no better position. He voluntarily submitted to their jurisdiction and accepted without protest the result of their decision; he was paid what was found due. In United States v. Adams (7 Wall., 463) the plaintiff had submitted his claim to a board of commissioners, which lacked authority of law to pass upon them in invitum, but the Supreme Court (ibid.; p. 481) held, as to cases of voluntary submission before the board, that their finding, followed by acceptance of payment, was as conclusive upon the claim as if it had been before the Court of Claims, had been heard and decided there, and the amount found due had been paid by the Government. The opinion closes in these words:
“ Indeed, unless the claimant is barred under the circumstances stated, it would be difficult for the Government to determine when there would be an end to claims put forth against it.”
The case of Adams has been followed by a series of cases upon substantially the same points, which were discussed by this court in Comstock v. The United States (9 C. Cls. R., 141).
A mode of settlement was offered claimant by the Treasury officials and agreed to by him. Row he turns his claim for the same property, which was adjusted as a claim for cord-wood, into a claim for timber, and asks a much larger allowance for the very property covered by the Treasury settlement. Upon the authority of the cases cited we are of opinion that his claim for timber has been settled and paid with his voluntary acquiescence.
The other two items in his petition were not presented to the Quartermaster-General, and therefore do not fall within our jurisdiction. (Dodd v. U. S., 21 C. Cls. R., 117.)
The whole case, therefore, is barred by virtue of the provisions of laws of the United States (22 Stat. L., sec. 3, p. 485), and is dismissed for want of jurisdiction.