Scofield, J.,
delivered the opinion of the court.
This claim was referred to the court January 9,1884, by the Committee on Claims of the Senate, under the act of March 3, 1883 (22 Stat., 485), known as the Bowman Act.
June 4,1884, the claimant filed a petition setting forth that during the late civil war the decedent was the owner of a farm in Jessamine County, Ky., containing about 1,200 acres, of which 570 were woodland. That United States troops took possession of said farm May 1, 1863, and retained the same until May 1,1886. That during said occupancy 37,660 cords of wood and 1,667 cords of fences were taken and used by the Army of the United States, the value of which was as follows:
37,660 cords of wood, uncut., at $2 a cord. $75,320
1,667 cords of feuces, at $4 a cord. 6,668
The amount claimed for rent of the farm is not stated, but it is admitted that about $5,000 has been paid.
Before the case was heard upon the preliminary question of loyalty the counsel for the Government moved the court to dismiss the petition for want of jurisdiction on the ground that the *275 claim was barred. Upon the hearing of this motion it appeared that the whole claim had been presented to the Quartermaster-General under the Act of July 4,1864 (13 Stat. L., 381), that evidence in support of the whole claim had been heard by him, ■and that after full examination he had recommended that the •claimant should be allowed—
Por rent. $5,333.33
For the wood out. 4,265.62
For the fences. 777.66
Total. 40.376.61
Of this rent $500 had already been paid by the quartermaster in Kentucky and the remainder, $4,833.33, was paid at the Treasury by a draft dated June 17,1874, drawn in favor of the claimant and subsequently indorsed by and paid to him.
The recommendation of the Quartermaster-General relative to the wood and fences was duly reported to Congress, and in the Act of May 23,1876 (19 Stat. L., 427-429), the following appropriation was made:
To O. H. Porry, administrator of the estate of Mary Scott, deceased, $5,043.28.
A check for this amount was drawn by the Treasurer of the United States in favor of theclaimant, dated July 8,1876, which was duly indorsed by the claimant and paid to him July 20, 1876, without objection or protest on his part.
It can not be held that the decision of the Quartermaster-General is in any degree conclusive of the claimant’s rights ; but the action of Congress thereon is certainly in the nature of approval and ratification. Dodd's Case (21 C. Cls. R., 117); Burwell’s Case (22 id., 92). If nothing more had been done, however, the question might possibly be resolved in favor of the claimant. But Congress went farther. A large number of private claims, arranged under the following provisional heading, was embraced in the same appropriation with the claimant’s:
“Be it enacted, etc., That the Secretary of the Treasury be, and he is hereby, authorized and required to pay, out of any moneys in the Treasury not otherwise appropriated, to the several persons in this act named, the several sums mentioned herein, the same being in full for, and the receipt of the same to be taken and accepted in each case as a full and final discharge of, the several claims examined and allowed by the *276 proper accounting officers since June thirtieth, eighteen hundred and seventy-four, under the second section of the act of Congress approved June sixteenth, eighteen hundred and seventy-four.” (20 Stat. L., 500.)
In Dowdy’s Case (23 id., 97), where the facts were in all respects similar to this, the court said:
“The insertion of the word ‘allowed’ in this provision somewhat obscures or confuses its meaning. Upon first view it would seem to limit the ‘lull and final discharge’ to the amount appropriated and actually paid. But that construction,, it will be seen, renders the whole requirement unnecessary and effectless; for the amount ‘ allowed ’ and the amount appropriated are exactly the same. It can hardly be supposed that Congress intended to provide that the money paid should be a ‘full and final discharge’ of exactly that sum; in other words, that the claimant should agree not to require the Government to pay the allowance twice over. ‘Allowed’ appears to have been used in the sense of adjudicated. Congress undoubtedly intended to provide that the payment of the allowance made upon the claim examined should be a full and final discharge of the entire claim.”
Under our construction of the law, the claimant is estopped from demanding more than he has already received.
Do these facts and legal conclusions take the case out of the jurisdiction of the court under the last clause in section 3 of the Bowman Act ? That clause is as follows:
“Nor shall the said court have jurisdiction of any claim against the United States which is now barred by virtue of the provisions of any law of the United States.” (22 Stat. L., 485.)
“Barred by virtue of the provisions of any law of the United States” implies something more than a statute of limitation as to time. It is broad enough to embrace any law (statute or common) recognized by the Supreme Court as the law of the United States, and which has the effect to prohibit a party from proving, with a view to recovery, his original claim.
In Ford’s Case (19 id., 519) the court said:
“These words do not mean merely the provisions of any law of limitation, but of any law; nor does it mean any express law barring the claim in direct prohibitory terms, but any law which has the effect of barring it.”
*277 In Dodd’s Case (21 id., 117) the court said:
“ The Bowman Act does not require an express statutory-bar; it is broader in its scope, and deprives this court of jurisdiction over any claim then barred by virtue of the provisions of any law of the United States.”
These extracts are quoted with approval in Marshall’s Case (21 id., 307), and in Burwell’s Case (22 id., 92). The latter case is very similar in its facts to the case under consideration. There the claim was presented to the Commissioners of Claims. They allowed only part of it and reported the case to Congress. An appropriation was made for its payment, with a condition that it should be accepted as a full and final discharge of the claim presented to the Commissioners. The court dismissed the case for want of jurisdiction under the Bowman Act.
Following these precedents, the court decides that it has no jurisdiction of the case at bar, and the same is therefore dismissed.