OPINION.
Drake, Ch. J.,
delivered the opinion of the court:
James T. Carter, intending to be engaged, on and after the 17th of February, 1869, in the business of a distiller, in the vicinity of Clarksville, Tennessee, entered into a bond to the United States in the sum of $5,000, with Christian Kropp and Thomas B. Harrison as sureties, conditioned to be void if the said Carter should (among other things) in all respects faithfully comply with all the provisions of law in relation to the duties and business of distillers, and should pay all penalties incurred or fines imposed on him for a violation of any of the said provisions. <
On the 11th of April, 1874, suit was instituted on this bond in the United States district court for the middle district of Tennessee, to recover $622.17, taxes assessed against said Carter as a distiller. No service of process on Carter was had, he having left Tennessee. Kropp and Harrison, the sureties, were served with summons in June and July, 1874. Thereafter Kropp died, and the claimant, having been appointed his administrator, was made a party to that suit. May, 8, 1878, the suit was brought to trial, and there was verdict and judgment ’ in favor of the United States against the claimant as administrator for $1,168.08. Execution was issued thereon, and was satisfied by the claimant as administrator, on the 9th of July, 1878.
On the 19th of February, 1880, the claimant sent a petition *462 to tbe Commissioner of Internal Revenue, in which was the following passage:
Your petitioner would state that at the time he "became a party to the suit [aforesaid] he was not acquainted with the matters involved, and had no way of showing that the estate of said Christian Kropp was not liable for the whole amount of said judgment, the said Kropp was dead, and the •said James T. Carter, the principal, had gone to parts unknown, and [was] not present at the trial, and petitioner was compelled to allow the case to go to trial, and the unjust judgment was rendered against him. Since said judgment and the payment of the same hy him, petitioner has ascertained and discovered that the most part of said judgment has been illegally and wrongfully collected; that judgment should have been given against him for only a small amount, and that he is entitled to have the balance thus wrongfully collected paid hack to him.
The petitioner then goes on to state what the liability of Kropp’s estate was, in his view, and admits that is was, including interest, $234.36; which he contends was all that judgment should have been rendered for; and he asks that, by virtue of section 3220 of the Revised Statutes, the remainder of the judgment, $933.72, which he claims was wrongfully collected, should be paid back to him.
February 26, 1880, the Commissioner of Internal Revenue, holding that he had no authority to review the decisions of the courts, decided that the relief asked for in the petition could not be granted by him.
Thereupon the claimant’s attorney sent the following letter:
Chicago, III., March 11, 1880.
Hon. Green B. Raxjm,

Com’r Int. Bev., Washington, D. C.:

Sir: Tour communication of Feb’y 25, ’80, to Hon. John F. House, M. C., rejecting the claim of Samuel B. Seat, adm’r, has been forwarded to me. It appears that the ground of rejection is “that you have no power to review the decisions of the courts,” and that a favorable action in this case would have that effect. As a lawyer, I see the full force of your position •and confess well taken. I infer, however, that you are inclined to the opinion that the court may have erred in giving judgment for the amount accruing after April 30,1869, and that your decision would have been a favorable one on the petition if there had been no judgment and the question had come primarily before you. In justice to the court this question was not raised at the trial so far as I can learn (I was not in the case at the time, having been employed only recently), and that the case was allowed to go to trial, and no contest made, through the ignorance of facts. I now write to ask whether if the matter is brought before the court’s attention by a petition, the Government being properly represented by the U. S. dist. at *463 torney, and the court would decide that the judgment ought not to have heen taken for the whole amount, and would recommend that the same be refunded by your honor, that in that evént our petition would be favorably ■con idered. ,
In other words, the Gov’t has the money of petitioner in the Treasury, which should never been collected, yet some technical rule of law may prevent a setting aside of the'judgment, although the court who rendered the judgment may be willing or think that the same should be refunded. I would ask what authority would you wish in the premises to grant the relief desired.
I am, very respectfully,
Harry Harrison,

Att’y for S. B. Seat’s Ad’m’r.

To this letter the Deputy Commissioner of Internal Revenue returned the following reply: -
Treasury Department,
Office of Internal Revenue,
Washington, March 31, I860.
Harry Harrison, Esq.,

Chicago, Ills.:

Sir: In reply to yours of the 11th instant, I have to say that if the court shall see fit to make an order amending and correcting the judgment rendered on the 8th of May, 1878, against S. B. Seat’s adm’r and others, it will then be proper for this office to consider Mr. Seat’s claim for refunding, now on file. But it is not alleged that the distiller was wrongly oharged with the taxes embraced in this suit.
Therefore, if the sureties on the bond sued upon are now released from, that part of the judgment which is based, upon taxes accruing in some other period than that covered by the bond, there should be another suit brought upon the proper bond or bonds.
The U. S. attorney will be advised in relation thereto.
Respectfully,
H. C. Rogers,

Deputy Commissioner.

On the 1st of April, 1880, the Deputy Commissioner sent to the district attorney of the United States for the middle district of Tennessee the following letter:
Treasury Department,
Office of Internal Revenue,
Washington, Apr. 1st, 1880.
J. A. Warder, Esq.,

U. S. Attorney, Nashville, Tenn. :

Sir: On the 8th of May, 1878, judgment was rendered in the United States district court, middle district of Tennessee, in suit No. 328, against Samuel B. Seats, adm’r of Christian Kropp, deceased, surety upon the distiller’s *464 bond of J. T. Carter. Mr. Seats now claims that the court erred in giving judgment against him for the full amount of the suit, for the reason that the larger portion of the taxes for which the suit was brought accrued at a time when Christian Kropp was not a surety upon Carter’s bond, and it is proposed by Harry Harrison, esq’r, of Chicago, Ill., attorney for Mr. Seats, to petition the court to amend and correct the judgment. Should this be done, and should the court issue an order amending and correcting the judgment, this office will then consider a claim presented by Mr. Seats for the refunding of the amount alleged to have been erroneously embraced in the judgment.
It is not alleged that the distiller was wrongly charged with the taxes embraced in the suit. Therefore if the sureties on the bond sued upon are now released from that part of the judgment which is based upon taxes accruing in some other period than that covered by the bond, there should be another suit brought upon the proper bond or bonds.
Respectfully,
H. C. Rogues,

Deputy Commissioner.

On the 26th of October, 1880, the following order was entered on the minutes of said district court :
United States vs. Samuel B. Seat, R of Christian Kropp.}
Came the parties by their attorneys, and it apx>earing to the satisfaction of the court that on the 8th day of May, 1878, in the district court of the United States for the middle district of Tennessee, the United States recovered of Samuel B. Seat, administrator of Christian Kropp, the sum of eleven hundred and sixty-eight t.%- dollars and cost of suit ,• and it appearing to the court that there is error in said judgment to the extent of nine hundred and thirty-three fsV dollars, the same is so corrected, and by consent of attorneys — the district attorney acting with the consent and under the direction of the Commissioner of Internal Revenue — the said judgment is corrected and vacated to the extent of $933 so erroneously rendered, and the clerk of this court will furnish a certified copy of this decree to the defendant.
March 8, 1881, the Commissioner of Internal Revenue addressed a communication to the Secretary of the Treasury, to which the following answer was returned:
Office oe the Seceetaey, Treasury Department,
Washington, D. C., March 11 th ,1881.
Hon. Oreen B. Raum,

Commissioner of Internal Revenue :

Sir: I have received your letter of the 8th iust., submitting for my consideration and advisement tho claim of Samuel B. Seat, administrator, for the refunding of $933.72, tax paid on distilled spirits.
It appears that Mr. Seat is the administrator on the estate of Christian *465 on distiller’s hond of James T. Carter from February 12 to April 30, 1869; that per diem taxes accrued and were assessed against said Carter from February, 1869, to February, 1870, which were not paid, and for which suit was commenced on the bond and judgment obtained to the amount of $1,168.08, on May 8,1878, in the United States district court for the middle district of Tennessee; that said Kropp was made a party to said suit, and dying before judgment, his administrator, S. B. Seat, was made a party, and that he afterwards paid the full amount of the judgment with costs; that it was subsequently discovered by the administrator that Kropp was liable under the bond to pay only $196.00 tax and the interest on this sum, am'onnting to $108.36, making the whole liability of Kropp only $834.36; that application was then made to the court, and on October 26, 1880, the jüdgmeut was corrected and vacated to the extent of $933.72. . •
approve of the allowance and payment of the full amount of $933.72 as proposed by you.
respectfully,
H. P. FRENCH,

Acting Secretary.

After receiving tliis letter the Commissioner of Internal Revenue alloAved the claim of this claimant, and inserted it in “a schedule of claims for the refunding of taxes,” in the form following :
No. 782.

A schedule of claims for the refunding of taxes erroneously assessed and paid, which have been examined and allowed.

1 hereby certify that the foregoing claims for the refunding of taxes erroneously assessed and paid have been examined and allowed.
G-reen B. Raum,

Commissioner.

of Internal Revenue,
14, 1881.
An account for the payment, of the claim so allowed was stated by the Fifth Auditor, but the First Comptroller rejected dhe claim, and thereupon this suit ivas brought.
have set forth the facts and documents of this case more extendedly than we generally do in an opinion; for there seemed to ns a necessity to do so in order to bring out distinctly the *466 exact point involved. The case, as recover money alleged to have been “erroneously and illegally collected” from the claimant, under a judgment rendered in favor of the United States against him, as Kropp’s administrator, on the bond in which, as above stated, Kropp was surety. This was the only claim made by the claimant in the correspondence above set forth; it was the claim which the Commissioner laid before the Secretary of the Treasury for his advisement; it was the claim which the Secretary apjmoved March 11,1881; and, beyond doubt, it was the claim which, on the 14th of March,,the Commissioner certified as having been examined and allowed by him. Had he certified it as for money erroneously and illegally collected under the judgment, we should not have needed to set forth the case so extendedly; but for convenience, we suppose, he placed the amount in “a schedule of claims for the refunding of taxes erroneously assessed and paid,” and as such certified that it had been “ examined and allowed.” It is upon the fact of this allowance that the claimant rests his case. He does not claim that he ever paid any taxes that had been erroneously assessed, nor that he ever paid any taxes at all; but simply asks judgment for the amount allowed by the Commissioner, and demands it simply because of the Commissioner’s allowance.
Were the schedule and certificate conclusive upon we should be bound to treat the claim as one for the refunding of “taxes erroneously assessed and paid,” and, under- our previous rulings, would not hesitate to give the claimant judgment for the amount allowed. (Kaufman's Case, 11 C. Cls. R., 659; Woolner’s Case, 13 ibid., 355; Bank of Greencastle's Case, 15 ibid., 225; Real Estate Savings Bank of Pittsburgh’s Case, 16 ibid., 335; Barnett & Co.’s Case, ibid., 515; Nixon’s Case, ante, 448.) But we do not consider ourselves precluded by the schedule or the certificate, or by both together, from inquiring whether the claim certified in them was, in fact, one for “the refunding of taxes, erroneously assessed and paid.” We do not thereby interfere with or question the jurisdiction of the Commissioner to allow claims of that description, but merely inquire whether, as a matter of fact, he did exercise that jurisdiction. We sustain, his jurisdiction, if at all, not according to the blank form on which his allowance was certified, but according to the actual exercise of the jurisdiction. Therefore it is that we go *467 .behind the schedule and certificate, and inquire what it was in reality that the Commissioner allowed; and we find it to be an amount which he considered to have been wrongfully recovered by the United States in the judgment rendered against the claimant as surety in the 'bond of Carter, the distiller. If the Commissioner bad jurisdiction to make that allowance, we would not inquire into the right or wrong of his decision; but if he had not such jurisdiction, it is our duty to say so, and to base no judgment on his unauthorized action.
This brings us to the main question, whether he had lawful authority to make that allowance. If he had, it must be found in the following words in section 3220 of the Revised Statutes, for there is no other provision giving him power to remit or refund moneys collected under the internal-revenue laws :
The Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or 'illegally assessed or collected, * * * and all taxes that appear to be unjustly assessed, or excessive in amount, or in any manner wrongfully collected.
There is not now, nor has there been, so far as appears, any pretense, in any quarter, that, as against the distiller, the taxes for which judgment was rendered against the claimant as administrator of the distiller’s’ surety had been erroneously, illegally, or unjustly assessed, or were excessive in amount. Neither the distiller nor his surety appealed to the Commissioner to remit any part of the -taxes so assessed. From the time when they were assessed in February, 1871, till the 9th of July, 1878, when the claimant paid on execution the amount of the judgment and costs, a period of more than seven years, the distiller, and Kropp his surety, and the administrator of Kropp, were,.each and all, absolutely silent on the subject of the assessment; and when, in February, 1880, nine years after the assessment was made, and nearly two years after the claimant had paid the judgment, he appealed to the Commissioner, his appeal contained not one word charging that the taxes had been erroneously, illegally, or unjustly assessed, or that they were excessive in amount. Clearly, then, the Commissioner did not' allow the claim of the claimant because the taxes had been erroneously assessed, nor did he at all have that matter before him.
The real and only ground presented by the claimant for the *468 Commissioner’s interposition of bis remitting and power was, that tbe United States bad recovered judgment for a greater sum than they ought, and that tbe claimant having satisfied that judgment, tbe United States ought to refund to him tbe excess illegally and wrongfully collected over what was justly due:
At first tbe Commissioner answered that be no ity to review tbe decision of tbe court which rendered tbe judgment; but subsequently said to tbe claimant’s attorney that if tbe court should see fit to make an order amending and correcting tbe judgment, it would then be proper for him to consider tbe claimant’s petition for refunding. And in order to promote by bis official action tbe obtainment of such an order, he wrote to the United States district attorney tbe letter above set forth. Here, as it seems to us, was tbe first mistake in this business; but other and graver ones followed.
That a judgment rendered by a competent .court on merits of a controversy, after a fair trial, is, while unreversed by an appellate tribunal, absolutely final and conclusive upon tbe parties to tbe suit, as to all matters involved therein, needs only to be said. Tbe judgment against tbe claimant for taxes assessed against bis principal, tbe distiller, was therefore absolutely conclusive that tbe taxes had been rightly assessed and were justly due to tbe Government.
That a court has no power, at a term subsequent to that at which a judgment was rendered, to set aside or change tbe judgment, on tbe motion of one party only, is to be considered settled law as to United States courts. (Jackson v. Ashton, 10 Pet., 480; Bank United States v. Moss, 6 How., 31; Russell v. United States, 15 C. Cls. R., 168.)
That two men, plaintiff- and defendant a agreement, at a term subsequent to that at which a judgment was rendered, have tbe judgment set aside or changed, may be conceded.
That the same might be done in a case between the United States and an individual, there can, we think, be no question, provided a statute of the United States gave authority to any one to agree thereto, and the authority were exercised according to the law. Without such authority, so exercised, no United States court could have the least right to vacate, set aside, or *469 change a judgment in favor of the United States, after the end of the term at which it was rendered.
district court of the United States in Tennessse, more than two years after the judgment against this claimant had been paid in full under execution, made the order of bctober 26,1880, declaring, that there was error in the judgment to the extent of $933.72, and directing that, to that extent, the judgment should be vacated and corrected, it did what it had no sort of jurisdiction to do, and its order was a mere nullity. No life was or could.be imparted to it by its stating that the order was made uby consent of attorneys, .the district attorney acting tvith the consent and under the direction of the Commissioner of Internal Revenue,v for the district attorney had not, in virtue of his office, any power to bind the Government by such a consent, nor had the Commissioner the least right to authorize him to give consent to any such order. The whole proceeding was, on the part of attorneys and the court, probably as striking an instance of totally unauthorized and illegal judicial action as could be found in the records of any United States court in the country.
We purposely avoid any reference to the ground upon which' the order vacating and correcting the judgment was made. The order recites that it appeared to the court that there was error in the judgment to the extent of $933.72; and therefore,'to that extent, the judgment was vacated and corrected. How, or by what evidence, or on what.ground the error was made to appear, is a matter of not the least consequence here; for on no ground whatever could the court have had a right to vacate and correct the judgment at the time and in the way it did unless the consent of the United States thereto had been given by one lawfully authorized to give it.
the views we have expressed be correct — of which we entertain not the least doubt — then the judgment remains just as it was before the order was made, and is to-day just as conclusive of the right of the Government to the money as it was when it was rendered. Its existence is an insuperable barrier to any inquiry by the Commissioner of Internal Kevenue, the Secretary of the Treasury, or any other officer of the Government into the legality of the assessment of the taxes for which the judgment was rendered. And when the claimant paid the judgment, he closed and barred the door against all attempts *470 to reclaim through any Executive Department any part of the money. And when he seeks' redress in this court, we have only to hold, as we do, that the Commissioner’s allowance — on which alone this case rests — was made without any lawful authority, and is therefore void, and that the claimant’s petition must therefore be dismissed.