Weldon. J.,
delivered the opinion of the court:
At the last term of the court, on the 7th of May, 1888, a judgment was entered in this case in favor of claimant for the sum of $411.30 (23 O. Gis. R., 299).
On the 24th of November, 1888, a motion was made by claimant to amend said judgment and allow the sum of $353.60 disallowed by the court. The motion being made at the same term that the judgment was entered, the court retained jurisdiction of the record for the purposes of this motion.
The finding on which the claimant bases his claim is as follows:
“ The claimant, as commissioner, also prepared affidavits on which to ground complaints in cases coming before him as commissioner. These affidavits are what the witness swore to of his own personal knowledge, while the complaint contained information to the best of his belief besides personal knowledge, and was intended to show the district attorney what proof he could rely upon before a jury. The district attorney required these affidavits to be shown to him before he would approve a warrant of arrest; and said affidavits were intended to aid the United States district attorney in the discharge of duties, giving him a history of the case. In some cases more than one affidavit was made, but the claimant, in his accounts, charges for but one in each case. They varied in length, but averaged as much as four folios. The claimant charged for drawing said affidavits from September 9, 1882, to December 23, 18;-5, each affidavit, four folios, at 15 cents a folio, 60 cents; one oath, 10 cents; and filing, 10 cents; making a total in each case of 80 cents, and a total for all said affidavits of $340.80. His account for drawing the said affidavits was presented to the said United States Circuit Court and approved, but has never been presented to the accounting officers of the Treasury. A similar item, computed at the same rate, and likewise approved, for subsequent service, amounting to $12.80, was presented to the accounting officers of the Treasury and disal *226 lowed. The claimant prepared affidavits as aforesaid, which, if computed by the rule above stated, would amount in the aggregate to the sum of $353.60. These affidavits "were in addition to the one on which the warrant was issued.”
Since the trial of the cause the attention of the court has been called to the statutes of the State of Alabama, the State in which the commissioner performed the services. The statutes are as follows:
uArticle 1, title 3, chapter 3, Code of Alabama, vol. 2 (1886), 4255 (4647). Definition of complaint. — The complaint is an allegation, made before a proper magistrate, that a person has been guilty oí a designated public offense.
“4256 (4648). Plaintiff examined on oath: Depositions reduced to writing and subscribed. — Upon a complaint being made to any one of the magistrates specified in section 4680 (4026), that such offense has, in the opinion of the complainant, been committed, the magistrate must examine the complainant and such witnesses as he may propose, on oath, take their depositions in writing, and cause them to be subscribed by the persons making them.
“4257 (4649). What depositions must state. — The depositions must set forth the facts stated by this complainant and his witnesses, tending to establish the commission of the offense and the guilt of the defendant.
“4258 (4650). Warrant of arrest to issue if probable cause shown. — If the magistrate is reasonably satisfied from such depositions that the offense complained of has been committed, and there is reasonable ground to believe that the defendant is guilty thereof, he must issue a warrant of arrest.”
(Note. — First figures refer to sections Alabama code 1886. Figures in parentheses refer to sections Alabama code 1876.)
The statutes not having been brought to the notice of the court when the cause was tried, we held that the preparation of the affidavits was no part of the, duty of the commissioners; but it seems, by the law of the State of Alabama, it is apart of the judicial duty of the examining magistrate to prepare the affidavits designated in the fourth finding; and, as section 1014 of the Revised Statutes of the United States makes it incumbent bn commissioners to perform their duty “ agreeably to the usual mode of process against offenders in su'ch States,” it was the duty of claimant to prepare the affidavits set forth in finding iv.
For the performance of that duty he is entitled to pay.
The judgment entered on the 7th of May, 1888, will be set aside, and a judgment entered as of this date for the sum of $764.90.