Peelle, J.,
delivered the opinion of the court:
This case, involving the overtime of letter carriers in the city of Louisville, Ely., under the Act May ¿34,1888 (25 Stat. L., 157), was referred to a commissioner by agreement of parties, to state the account between them and the United States. On the 18th day of February, 1895, the commissioner made his report, and after stating the evidence upon which he based his conclusions, among other things, stated the claimant’s account as follows:

No exceptions were filed to the report by either party; and in accordance with the practice in these cases both parties consented that judgment might be rendered for the above amount of $268.10, as recommended by the commissioner.
Thereafter and at the same term of court, to wit, March 7,1895, the claimant filed his motion to correct the judgment so rendered in these words:
“Now comes the claimant and respectfully represents that the commissioner reported in his favor to the extent of sixty-two and three-quarters (62|) hours at $800 a year and eight hundred and nine (809) hours at $1,000 a year, a total of eight *302 hundred and seventy-one and three-quarters (871|) hours; that his claim as stated in his petition was a correct calculation of this amount, being- $295.01, but through a clerical error on the part of the commissioner the amount was erroneously calculated at $268.10.
“ He therefore prays that the judgment herein be corrected by correction of the arithmetical error, and reentered for the sum of two hundred and ninety-five dollars and one cent ($295.01).”
By the Act March 2, 1895 (28 Stat. L., 843, 868), Congress appropriated money to pay the judgments of the Court of Claims, including the judgment so rendered in the claimant’s favor, and while the motion so filed was pending the amount of the judgment was paid to the claimant.
It will thus be seen (1) that the reference was to the commissioner by consent of parties, (2) the report of the commissioner was accepted by both parties as correctly stating the amount due the claimant, and (3) judgment was rendered for the amount by consent of parties. To correct the judgment therefore necessitates a correction of the agreement of the parties as embodied in the commissioner’s report upon which the judgment was rendered.
The defendants resist the motion and thereby present the question as to whether the court has power to correct the judgment. The claimant cites in support of his motion the Ravesies Case (24 C. Cls. R., 224), but the difference between that case and the one at bar is that there the record did not disclose the payment of the judgment, while in this case it does.
It is well settled and needs no citation of authorities that a court has power at any time during the term at which a judgment or decree is rendered to correct, modify, or vacate the same. - And it is equally well settled that unless steps be taken during the term at which such judgment or decree is rendered, by motion or otherwise, to correct or set aside such judgment, the control thereof will pass beyond the court. (Schell, v. Dodge, 107 U. S., 629, 630, and authorities there cited.)
The exceptions to this rule, such as those mentioned in the case of In re Wight (134 U. S., 136) and in other authorities cited by claimant, need not be considered here, as the motion in this case was filed during the term at which the judgment was rendered and was pending when the judgment was paid.
The only question we need to pass upon is as to the effect of the payment of the judgment.
*303 The Amended Court of Claims Act, 1863 (12 Stat.L., 765, sec. 7, now Revised Statutes, sec. 1092), provides:
“ The payment of the amount due by any judgment of the Court of Claims and of any interest thereon allowed by law, as hereinbefore provided, shall be a full discharge to the United States of all claim and demand touching any of the matters involved in the controversy.”
In construing that section, the court in the Russell Case (15 C. Cls. R., 168, 174), where a motion had been filed to correct a judgment rendered ten years prior thereto, said:
“ In the claimant’s affidavit he stated that the judgment he now seeks to correct4 was paid, satisfied, and discharged by the United States by the payment of the amount thereof’ to him. His receiving that payment was not only a full discharge of the United States, but also a release of all errors in the judgment. As between him and the defendants thereis nothing remaining; it is all dead, and no mere motion by either party can resuscitate it in the least degree.
“ On every ground the motion to correct the judgment must be overruled.”
There, it will be noted, the court held that the payment of the judgment was not only a full discharge thereof, but operated to release all errors in the judgment, so that as between the parties the judgment was dead, “ and no mere motion by either party can resuscitate it in the least degree.”
This being true, the claimant by accepting payment of the judgment thereby released all errors in the judgment and waived the motion he had previously filed to correct the same.
In the case of United States v. Frerichs (124 U. S., 315, 320), affirming the judgment of this court (21 C. Cls. R., 16), where a judgment was rendered against a collector of internal revenue for damages for a seizure of property for an alleged violation of the internal-revenue laws, and such judgment was paid by the Commissioner of Internal Revenue under Revised Statutes, section 3220, direct to the claimant instead of by way of repayment to the collector for the amount of the damages awarded against him, as provided in said section, the court said:
“The payment of the amount of the judgment would ipso facto satisfy the demand of Frerichs against the United States, because it is provided by section 1092 of the Revised Statutes that the payment of the amount due by any judgment of the Court of Claims, and of any interest thereon allowed by law,’ *304 ‘shall be a full discharge to the United States of all claim and demand touching any of the matters involved in the controversy.’”
The judgment being fully discharged, there is nothing to-correct. The judgment as between the parties is dead; the claimant by accepting payment thereof waived his motion and thereby released the errors he had previously sought to correct. Thus ended the case.
The motion is overruled.