Weldon, J.,
delivered the opinion of the court:
It is conceded that the several amounts for which judgment is asked are correct, that the respective claimants would be entitled to the several amounts but for a judgment heretofore rendered against the defendants embracing a period from May 1, 1893, to December 1, 1893, and that the claim now made is for overtime between those periods. It is not insisted by the defendants that the claimants have actually recovered for the time embraced in this proceeding.
It is' said in the brief of the defendants:
“But this very period was embraced in the petition in a former action of the claimants, in which judgment was entered for the claimants upon the report of the commissioner, without amendment of the petition. That judgment is prima facie a bar to a recovery in this action for any period embraced in the petition in the prior action, in which the judgment was rendered. But claimants insist that the doctrine of res judicata should not be applied in this case, because the commissioner, in making his examination in the prior action, refused to inquire into the question of overtime subsequent to April 30, 1893, and that each claimant was required by him to indorse upon his petition, and did so indorse, a waiver of all claim for overtime in his petition after April 30,1893, ‘without prejudice.’ This indorsement, it is urged, has the force of an amendment of the petition, with a saving of all rights of the claimant.”
The only question presented by the defense in this motion is, whether the fact that the claim for overtime after the 30th of April, 1893, being embraced in the former and original petition and no formal amendment having been made' by leave of court limiting the scope of the petition to the 30th of April, 1893, a recovery can now be had for services from the 30th of April to December 31,1893. The theory of the defense is, that by the allegations of the petition the amount now claimed was embraced in the original suit, and, not being excluded by the formal amendment of the petition, is now barred.
Common-law rules of pleading, while they constitute in a large measure a regulation of the proceedings of this court, are not enforced with strictness. (Pierce Case, 1 C. Cls. B., 195.)
As is said in substance in the case of Brown (17 C; Cls. B., *414 303) this court seeks to administer justice between contending parties by forms the most simple and convenient.
The pleadings in a case do not absolutely indicate the subject-matter of the final litigation and the exact issue determined by the trial and verdict. The extent of plaintiff’s right to litigate as to subject-matter is determined from the allegations of his declaration or petition; but he is not bound to submit all of the different causes of action to the consideration of the court and jury, and may withhold at his pleasure any distinct item of his case.
In-that connection this court, in the case of Fend,all (14 C. Ols. R., 247), has in substance said, where in a former suit against a disbursing officer and his sureties on their bond he pleaded non est factum, nil debit and set-off, and there was a general verdict for the defendants, this court in a subsequent suit, where the former is pleaded in bar, will ascertain from evidence aliunde the record on which plea the verdict went.
In the case of Packet Company v. Sickles (5 Wall., 580), it is said:
“As we understand the rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, when the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive per se, it must appear, by the record of the prior suit, that the particular controversy sought to be concluded was necessarily tried and determined- — that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties; and further, in cases where the record itself does not show that the matter was necessarily and directly found by the jury, evidence aliunde consistent with the record may be received to prove the fact; but even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded.”
In the case of Spicer (5 O. Gis. R., 42) this court reviewed at length the authorities bearing on the question at issue in this case, both from adjudged cases and elementary works. The following citations from learned law writers are made:
“Thus Starkie (1 Ev., 199): ‘Where, however, the real merits of the present action have not been at all inquired into in a former proceeding, issue may be taken on the fact, the judgment being pleaded in bar. Thus a recovery in one action can *415 not be pleaded in bar of a second where no evidence on the trial of the first action was given in support of the claim on which the second is founded.’
“ Thus Chitty (1 Pis., 604): ‘ Where the matter in question has been tried upon a particular issue between the same parties in the former suit, and there has been a finding thereon by the jury, such finding’ operates as an estoppel by matter of record, provided it be specially pleaded and relied on as such.’ And see as to form of plea, 3 id., 1062;
“Thus Bouvier (3 Inst., sec. 3101): ‘To make a judgment conclusive upon the parties it is required that it should have been rendered upon the matters directly in issue, and not on a thing incidentally brought in controversy during the trial. A record is conclusive only on matters actually tried.’ ”
In the case of Hughes v. United States (4 Wall., 232) it is said:
“In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits.”
The order under which the commissioner was appointed and from which he derived his authority is as follows:
“Upon motion of the Assistant Attorney-General, on behalf of the Government, it is hereby ordered that W. W. Hill be and is hereby constituted a commissioner of this court in the above-entitled action and such other actions as may be # brought before him by consent of the parties or order of court.
“ He shall investigate such claims, upon any books, records, or documents relating thereto, and upon such evidence, oral or written, as he may deem material, and shall report the facts found by him to exist, together with a computation of the amounts due tie several claimants therefor.
“ He shall have the power to examine claimants and other witnesses at any place within the county of their respective residences ¡ to exercise the powers of a commissioner of the court. He may in any case where he deems it material, or at request of either party, attach to his report any depositions or other evidence taken by him. In case any claimant shall in writing request of such commissioner opportunity to be represented by counsel upon the taking of testimony, said referee shall allow reasonable time for procuring the attendance of such counsel.
“ Upon the coming in of any report of such referee, either party shall have the right to object to any detail of such report and computation, and to take any evidence in support either of the claim or the defense in the same manner as if no such report had been made.
“This appointment may be revoked at any time by order of this court,”
*416 The commissioner bad the power, under tlie order of bis appointment, “ to report the facts found by him to exist, together with a computation of the amounts and the several claimants therefor.”
Under the pleading as it existed at the time of reference his authority to investigate and report was commensurate with the period embraced in the allegations of the petition; but when the case was submitted to him for an investigation and report he refused to inquire into overtime after April 30,1893, and thereby excluded, “without prejudice,” all claims after that period. The claimants were compelled to circumscribe the limit of their action as made by the petition and confine their claims to the period anterior to the 30th of April.
This proceeding is not left to oral proof as to what was litigated in the case in which a judgment was given for the claimants — the exclusion of a part of the claim was made a matter of record by the commissioner requiring each claimant to indorse on a copy of his petition a waiver of all claim for overtime after April 30, 1893, “without prejudice.”
It would have been more formal and in strict line of judicial proceeding to have amended the petition by leave of the court; but in answer to that strict requirement it may be said that the fact of the waiver of a part of the .claim was before the court on the report of the commissioner at the time the judgment was rendered.
The allegations of the claimants that the question of their right to recover for the period was not before the court, and therefore that the court did not pass upon their right to recover, is not questioned by the defendants; but it is insisted as a matter of strict legal right that they are estopped by the record from now claiming anything before December 31, 1893, and that all claim before that time is res judicata.
In this proceeding, by the. action of an officer of the court in the capacity of a referee, having as such the ordinary powers of a master, there was excluded from his report a part of the claim of the petitioners, and that exclusion appears on the pleading in his hands. Courts are extremely careful to prevent the litigation of a matter which was fully settled in a former case, and as a result of that caution enforce the doctrine of res judicata when applicable and proper. In order to make a matter res judicata,, there must be a concurrence of several important particulars of identity, the first of which is identity *417 in the demand or claim sued for and determined in the former litigation. Without such identity the principle of res judicata does not apply. Although the petition covered the time for which a judgment is now asked; it was excluded from the investigation and report of the commissioner, and being so excluded it did not become a part of the judgment of the court, and such judgment is no bar to a recovery in this proceeding.
The motion of the claimants for judgments will be allowed and judgments entered as shown in the conclusion of law.