Littleton, Judge,
delivered the opinion of the court:
The. subject-matter of this case — namely, the increased rental allowances for the period January 6,1931, to October 10, 1932, inclusive — is res adjudicata by the findings of fact and judgment of the court entered April 6, 1936, in Case 42869. (82 C. Cls. 693.) In that case plaintiff sought to' recover increased rental and subsistence allowances for the period December 1, 1928, to January 1, 1936, on the ground that his mother was dependent upon him for support and the period involved in that claim included the period for which increased rental allowances are here sought to be recovered. The facts with reference to whether plaintiff’s mother was dependent upon him for her chief support during the period involved in the prior case (including the period involved in this case) and the facts with reference to the further question whether plaintiff was entitled to the increased statutory rental and subsistence allowances because of such dependency were directly involved and were specifically considered,, determined, and adjudicated by the court on all the evidence submitted by the plaintiff in Case 42869.
In accordance with the customary and long-established practice in cases involving claims for statutory rental and subsistence allowances authorized by law for officers of the Army and the Navy who have dependents, the plaintiffs, in such cases, have not been required in the first instance to prove the exact amount of the increased rental and subsistence allowances due such officers, but have been permitted, if they so desired, to confine their proof in the first instance to the facts concerning dependency and whether public quarters were available or furnished in order to avoid the trouble and expense of proving facts which would not be necessary to a decision in the case if dependency should not be established-When the facts with reference to dependency and quarters have been submitted and the court has found the facts established thereby, proof by the plaintiff of the amount of the increased rental and subsistence allowances due and to be included in the judgment of the court, together with such fur *261 ther evidence as may be necessary with reference to the matter of quarters, is, in most cases, obtained by the plaintiff by a call or calls upon the General Accounting Office or other departments under section 164 of the Judicial Code. After having been so obtained, such evidence is, if the plaintiff so desires, submitted to the court in the form of a computation made and prepared, in most cases, by the Comptroller General from the official records of his office or those available to him. When considered necessary by a plaintiff such computation of the General Accounting Office may be supplemented by motions for calls on other departments, or by direct proof. A report and computation prepared and submitted by the Comptroller General or the head of another department, pursuant to a call by plaintiff under section 164 of the Judicial Code, do not constitute evidence in the case until submitted to the court by counsel. (See Eule 35 (b).) It is also a part of the established practice under Eule 35 for the court to take no action thereon or to enter judgment in the case until after counsel for plaintiff and the defendant have been afforded an opportunity to examine and consider the information supplied upon call and until counsel for plaintiff has taken such further steps as he may desire, or has filed a motion asking the court to enter judgment for the plaintiff for the amount shown to be due by the report and computation of the Comptroller General. Upon the filing of such motion for judgment by plaintiff it is served upon counsel for the defendant, and under the rules of the court (Eule 2ft) the defendant is given ten days within which to file objection to plaintiff’s motion for judgment. Where no controversy arises between the parties as to the amount to be included in the judgment, no hearing is had before the court upon the matter; and where plaintiff’s motion for judgment conforms to the report and computation of the Comptroller General and counsel for defendant files no objection to such motion, a judgment for the amount asked in the motion for judgment and shown to be due by evidence submitted is usually, and was in this case, entered by the court as a matter of course. The correctness of the judgment for $9,476.64 entered by the court in the prior case was not questioned during the term at which it was entered. No motion for a *262 new trial or for amended or additional findings of fact was made with reference to the amount of increased rental allowance. (See Rules 91 to 96.) Plaintiff is therefore precluded from maintaining this suit, notwithstanding the fact that his evidence in the prior case, No. 42869, failed to show the correct amount of the increased rental allowances due him as an officer with a dependent mother. New Orleans v. Citizens' Bank, 167 U. S. 371, 396; Southern Pacific Railroad Co. v. United States, 168 U. S. 1; United States v. Moser, 266 U. S. 236, 241; St. Louis, Brownsville, and Mexico Railway Co. v. United States, 268 U. S. 169; Russell v. United States, 15 C. Cls. 168; Michot v. United States, 31 C. Cls. 299; Seaboard Air Line Railway Co. v. United States, 59 C. Cls. 250, 271-272, affirmed 273 U. S. 672; Electric Boat Co. v. United States, 81 C. Cls. 361, 365; Guettel, et al. v. United States, 95 Fed. (2d) 229.
In Southern Pacific Railroad Company v. United States, supra, this Court (at pp. 48-49) said:
The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them.
The cases of United States v. O'Grady, 22 Wall. 641; Hobbs v. United States, 19 C. Cls. 220; Carroll v. United States, 31 C. Cls. 315; and Adams et al. v. United States, *263 33 C. Cls. 411, 413, are distinguishable upon the facts therein involved. The amounts sought to be recovered in each of those cases represented either a portion of the amount which had been included by the court in the judgment entered in the prior case or interest upon the judgment so entered, but which had not been paid.
Plaintiff contends that a “new issue” is presented in this case which was not before the court in the former suit, 42869, and that the judgment in the first suit is not, therefore, a bar to this action. The new issue relied upon by plaintiff to sustain the present suit is in reality the sufficiency of his evidence, obtained by his call upon the General Accounting Office, upon which he made a motion for judgment and upon the basis of which judgment was computed and entered. Clearly this is not a new or different question from that before the court in the first case. The right or question asserted in the prior suit specifically concerned the increased rental and subsistence allowances for the period December 1, 1928, to January 1, 1936. This is clearly established by the allegations of the petition in the prior suit (finding 1) and plaintiff’s motion for call filed February 3,1936 (finding 2). If the right to the increased rental allowance of $2,231.33 here sought to be recovered was not involved and was not before the court in the prior suit, the question of the sufficiency of plaintiff’s evidence submitted in that case as to the amount due could not arise. The matter presented by the present suit is therefore merely a failure of proof upon one point in the first case. St. Louis, Brownsville, and Mexico Railway Co. v. United States, supra. Counsel for plaintiff was not bound by the reply of the Comptroller General to his call until he had submitted it to the court as evidence in his case. Even then plaintiff’s counsel could have made an additional call upon the General Accounting Office or other department for any further or additional information necessary to show the correct amount of rental allowances due for the period of the claim from December 1,1928, to January 1, 1936. He did not do so but accepted the information and computation furnished by the Comptroller General, submitted the same to the court for consideration as evidence in *264 the case, and made a motion for judgment in conformity with ■such evidence. It now appears from the evidence submitted in the case at bar, and it is agreed, that the Comptroller General was in error in not including the increased rental allow.ances for the period January 6, 1931, to October 10, 1932, inclusive, in the computation furnished counsel for plaintiff upon his call. But that action of the Comptroller General was not such as would give rise to an independent suit. The matters with reference to which he was then acting were already pending before the court. The Comptroller General in preparing and furnishing the information upon plaintiff’s call was acting as the witness of plaintiff in the suit then pending. The fact which now has been established — i. e., that the Comptroller General made a mistake in the information furnished which was used by plaintiff as his evidence in the case — does not give rise to a new question which will sustain a new suit. For all that appeared at the time or that now appears, the Comptroller General did not know that the public quarters furnished plaintiff for the period January 6, 1931, to October 10, 1932, were not adequate for an officer of his rank with a dependent. This statement is due the Comptroller General, although we do not wish to be understood as holding that if the Comptroller General had known the exact nature of the quarters furnished such knowledge would justify the maintenance of this suit. Plaintiff was bound by what his evidence showed and the evidence as furnished to plaintiff by the Comptroller General was used by plaintiff as his evidence in the prior case. The quarters furnished to and occupied by plaintiff at the Naval Air Station, Hampton Koads, Virginia, for the period January 6, 1931, to October 10, 1932, are shown in the present case to have been inadequate for an officer of his rank with a dependent mother and that fact is established by the reply of the Secretary of the Navy of March 19,1937, to a call made by the -court upon plaintiff’s motion therefor in the present case under section 164 of the Judicial Code.
In the first suit, No. 42869, plaintiff alleged that his mother was dependent upon him for her' chief support and that he was entitled to statutory rental and subsistence allowances payable to an officer of his rank during the *265 period December 1, 1928, to January 1, 1936. These allegations were all denied by the defendant. It was therefore incumbent upon the plaintiff, in order to recover the claimed statutory allowances for the period mentioned, to prove, first, that his mother was dependent upon him for her chief support. This fact was established and was found by the court. Second, that plaintiff was not furnished adequate Government quarters as provided in the pertinent statutes and regulations for an officer of his rank with a dependent. This fact was not proved. On the contrary, the only evidence submitted by plaintiff on this feature of the case showed that “Plaintiff was assigned public quarters at the Naval Air Station, Hampton Roads, Virginia, from January 6, 1931, to October 10, 1932.” The evidence first taken on behalf of plaintiff in the prior suit justified only the finding that his mother did not occupy Government quarters, and the court so found. But this was not enough. In order to recover the claimed increased rental allowances for the period subsequent to December 1, 1928, it was incumbent upon plaintiff to show that adequate quarters for an officer •of his rank with a dependent were not furnished or were not available for occupancy by his mother. If Government •quarters were available, the mere fact that the dependent mother did not occupy them is not sufficient to entitle the officer to the increased rental allowance. The statement made by the Comptroller General in his computation, furnished in reply to call of the. plaintiff, as the basis for his exclusion of the increased rental allowance for the period January 6, 1931, to October 10, 1932, inclusive, was not inconsistent with or contrary to any finding of fact made by the court or to the conclusion of law entered with the findings of fact on February 3, 1936. The statement of the Comptroller General, questioned for the first time in this proceeding, made by him in justification of the computation furnished on the call of the plaintiff presents the same proposition which was considered and decided by the court in St. Louis, Brownsville, and Mexico Railway Co. v. United States, supra. In that case the Railway Company contended that the first two items of its claim, which were excluded by the Court of Claims from the judgment in the *266 first case, were not “matters involved in the controversy” within the meaning of section 178 of the Judicial Code. The report of the Treasury Department, upon which the stipulation of facts in that case was based and upon which this court entered judgment, stated with reference to the first two items of the claim that because no deduction had been made for certain bills “on account of the cause of complaint set forth in the petition, nothing is due in recovery.” The purport of the statement by the Secretary of the Treasury just quoted was substantially identical with the note contained in the reply of the Comptroller General to plaintiff’s call in the former case, No. 42869, which, by action of counsel for plaintiff, became a part of the record under Rule 36 (b). In denying the railroad’s contention, the Supreme Court, at page 172, said:
The finding thus relied upon by the Railway does not show that these two claims were not among “the matters involved in the controversy” in the earlier case. On the contrary, it shows that they were there in controversy. And it suggests that the Railway, after the introduction of the report of the Treasury Department, acquiesced in the latter’s conclusion that as to these two claims “nothing is due.” Compare United States v. Frerichs, 124 U. S. 315, 320; Michot v. United States, 31 Ct. Cls. 299; Vaughn v. United States, 34 Ct. Cls. 342. The case is unlike Spicer v. United States, 6 Ct. Cls. 34; Book v. United States, 31 Ct. Cls. 272; and Adams v. United States, 33 Ct. Cls. 411. As to these two claims the judgment of the lower court is affirmed.
Quite apart from our conclusion that the question presented in the case at bar is res adjudicaba and may not therefore again be litigated in a separate suit, the right to maintain the present suit upon the claim presented is specifically prohibited by section 178 of the Judicial Code (sec. 285, Title 28, U. S. C. A.), which is as follows: “The payment of the amount due by any judgment of the Court of Claims, and of any interest thereon allowed by law, as provided by law, shall be a full discharge to the United States of all claim and demand touching any of the matters involved in the controversy.”
*267 In Seaboard Air Line Railway v. United States, 59 C. Cls. 250, affirmed, 273 U. S. 672, this court, at pp. 271-272, said:
* * * If one may allege in his petition two causes of action, and submit his case on the petition and accompanying proofs, obtain two judgments thereon, and years afterwards disturb those judgments on an allegation of lack of identity in the subject matter adjudicated, because the plaintiff itself, for reasons of its own, submitted no proof as to one cause of action set up in its petition and claimed for, but contented itself with judgment for the other, manifestly litigation would be interminable. The court had jurisdiction of the cause, the petition covered the subject matter of complaint, identical with the one here involved, and having disposed of the case the judgment, under the law, forecloses the controversy, not only as to the point adjudicated, but as to all other points which might properly be adjudicated. California Bridge & Construction Co. v. United States, 50 C. Cls. 40. * * *
Under the statute [sec. 178, Judicial Code] we are precluded from reconsidering a claim after an appropriation has been made therefor and payment accepted by the plaintiff. Pilkington v. United States, 36 C. Cls. 357; Russell's case, 15 C. Cls. 168; Vaughn v. United States, 34 C. Cls. 342; United States v. Frerichs, 124 U. S. 315, 320. As said by the Supreme Court, “the payment of the amount of the judgment would ipso facto satisfy the demand.”
Again, section 179 of the Judicial Code provides:
“Any final judgment against the claimant on any claim prosecuted as provided in this chapter shall forever bar any further claim or demand against the United States arising out of the matters involved in the controversy.”
This statute is comprehensive and bars any further claim or demand for any matter arising and involved in the controversy. Our judgments are conclusive until set aside upon motion for a new trial. United States v. O'Grady, 22 Wall. 641.
In Michot v. United States, supra, cited by the Supreme Court in St. Louis, Brownsville, and Mexico Railway Co. v. United States, supra, a letter-carrier recovered a judgment in this court and at the same term filed a motion to correct *268 the judgment because of an arithmetical error made by the commissioner who computed the amount and upon whose report the judgment was rendered. While the motion to correct and increase the judgment was pending in this court, the judgment was appropriated and paid. In that case this court held :
It is well settled and needs no citation of authorities that a court has power at any time during the term at which a judgment or decree is rendered to correct, modify, or vacate the same. And it is equally well settled that unless steps be taken during the term at which such judgment or decree is rendered, by motion or otherwise, to correct or set aside such judgment, the control thereof will pass beyond the court. (Schell v. Dodge, 107 U. S. 629, 630, and authorities there cited.) (p. 302.)
* * * the claimant by accepting payment of the judgment thereby released all errors in the judgment and waived the motion he had previously filed to correct the same (p. 303).
The judgment being fully discharged, there is nothing to correct. The judgment as between the parties is dead; the claimant by accepting payment thereof waived his motion and thereby released the errors he had previously sought to correct. Thus ended the case (p. 304).
The case of Russell v. United States, supra, related to an amount which, through an error, had not been included in the judgment theretofore entered. The judgment previously entered was paid and accepted. This court held under circumstances more favorable to the plaintiff there than the circumstances involved in the case at bar that under section 1092, Revised Statutes (section 178 of the Judicial Code), the receipt by the plaintiff of payment of judgment of the court was not only a full discharge by the United States of all claim and demand touching any of the matters involved, but it was also a release of all errors in the judgment.
Plaintiff further contends that under the court’s findings of fact and conclusion of law entered February 3, 1936, and the evidence subsequently submitted by leave of the court, the amount of rental and subsistence allowances actually and *269 legally due plaintiff under the pertinent statutes and Executive Orders for the period December 1, 1928, to January 1, 1936, was $11,707.97 rather than the amount of $9,476.64 stated in the judgment. Upon this hypothesis it is insisted that the present proceeding is a suit to recover the balance “due by any judgment of the Court of Claims” and is not, therefore, prohibited under the doctrine of res adjudicate, or by section 178 of the Judicial Code. This position cannot be sustained under the decisions hereinbefore cited. Sections 178 and 179, Judicial Code, were enacted March 3, 1863. The case of Russell v. United States, supra, construing section 178 was decided in 1879. The rule announced in that case with reference to the modification of a judgment after payment has been consistently followed. We find no occasion here to distinguish that case or to modify its construction of section 178. Inasmuch as the evidence submitted by plaintiff and the facts found by the court in the prior case did not establish that an amount in excess of $9,476.64 was due under the pertinent statutes for the period December 1,1928, to January 1,1936, judgment could not then be entered for more than that amount. The amount of $2,231.33 claimed in the present case is admittedly due plaintiff under the Act of June 10, 1922 (42 Stat. 625), as amended by the Act of May 31, 1924 (43 Stat. 250), but by reason of the expiration of the term in which the prior judgment was entered and because of the provisions of section 178 of the Judicial Code, we are now without jurisdiction to enter judgment therefor. Plaintiff’s only remedy in the premises rests with Congress. The petition here must be dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; GiseeN, Judge; and Booth, Chief Justice, concur.