## UNITED STATES *v.* FRERICHS.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted January 5, 1888. — Decided January 23, 1888.

Under § 3220 of the Revised Statutes, the Commissioner of Internal Revenue is authorized to pay to the plaintiff in a judgment recovered against a collector of internal revenue, for damages for a seizure of property for an alleged violation of the internal revenue laws, made by the collector under the direction of a revenue agent connected with the office of ·the supervisor of internal revenue, the amount of such judgment, and is not restricted to the payment of such amount to the collector.

THIS was an appeal from the Court of Claims from a judgment against the United States for the sum of $10,130.31. The case is stated in the opinion of the court.

*Mr. Attorney General* and *Mr. Assistant Attorney General Howard* for appellant.

*Mr. Edward Salomon* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an appeal by the United States from a judgment of the Court of Claims, awarding to Frederick Frerichs a recovery of the sum of $10,130.31. The case was decided by that court on· a demurrer to the petition, alleging that sufficient facts were not set forth to constitute a cause of action. The demurrer was overruled, and the defendants declined to plead further.

The facts set forth in the petition are in substa .ce as

follows : On the 23d of January, 1878, Frerichs commenced an action in the Superior Court of the City of New York against one Charles R. Coster, a collector of internal revenue, to recover damages for the wrongful seizure of the property of Frerichs made by Coster, on May 22, 1876, for alleged violations of the internal revenue laws. The action was removed by Coster into the Circuit Court of the United States for the Southern District of New York. Issue was joined, and, at a trial before the court and a jury, there was a verdict for the plaintiff, and a judgment against Coster, on the 21st of January, 1885, for $10,130.31 and costs. On the 24th of January, 1885, Coster appealed to the Commissioner of Internal Revenue, under § 3220 of the Revised Statutes, for the payment of the judgment. On the 27th of January, 1885, the Commissioner of Internal Revenue addressed a letter to the Secretary of the Treasury, setting forth the history of the case. By this letter it appeared, that the original seizure of the property of Frerichs was made under the direction of a revenue agent connected with the office of the supervisor of internal revenue, and was, on the same day, reported to the District Attorney of the United States and the Commissioner of Internal Revenue; that a suit for the forfeiture of the property was immediately brought in the District Court of the United States; and that, in June, 1876, the Treasury Department instructed the District Attorney to dismiss the proceeding for forfeiture and to receive a certificate of probable cause of seizure and a waiver of any claim for damages. The District Attorney, as a condition of releasing the property, required that Frerichs should sign a certificate of probable cause. Frerichs's counsel replied that, while he was willing to waive damages, he was not willing to sign a paper which would confess that the officers of the Government had a right to seize the property. Nothing being done, the seizure case proceeded to trial, and resulted in a judgment in favor of Frerichs, on the 14th of May, 1877, and an award of a return to him of the seized property. The District Court, on December 18, 1877, denied a motion made on the part of the United States for a certificate that there was reasonable cause of seizure. On the 31st

of July, 1879, on a writ of error taken by the United States, the Circuit Court affirmed the judgment dismissing the information and the order denying the motion for a certificate of reasonable cause of seizure. The United States sued out a writ of error from this court to review the proceedings in the Circuit Court, and raised the question here, (*United States* v. *Abatoir Place*, 106 U. S. 160,) that there was error in refusing to grant a certificate of reasonable cause of seizure. This court held that the action of the District Court on the motion could not be reviewed either by the Circuit Court or by this court. In the suit brought by Frerichs against Coster, the Circuit Court was asked to grant a certificate of probable cause of seizure, but refused to do so. After reviewing the various proceedings, the Commissioner of Internal Revenue stated to the Secretary of the Treasury that he proposed to allow the claim for $10,130.31, "to be paid to Frederick Frerichs upon due entry of satisfaction of the said judgment." On the 29th of January, 1885, the Treasury Department decided that, under § 3220 of the Revised Statutes, the Commissioner of Internal Revenue had authority, with the approval of the Secretary of the Treasury, to make the proposed payment without any certificate from the court of probable cause of seizure, inasmuch as that section provided as follows: "Sec. 3220. The Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected; also to repay to any collector or deputy collector the full amount of such sums of money as may be recovered against him in any court, for any internal taxes collected by him, with the cost and expenses of suit; also all damages and costs recovered against any assessor, assistant assessor, collector, deputy collector, or inspector, in any suit brought against him by reason of anything done in the due performance of his official duty." On the 31st of January, 1885, the Secretary of the Treasury addressed a

letter to the Commissioner of Internal Revenue, stating that he approved of the proposal of the Commissioner " to allow the claim for $10,130.31, to be paid to Frederick Frerichs upon the due entry of satisfaction of the said judgment." On the same day, the Commissioner certified that the claim for that amount had been examined and allowed. On the 2d of February, 1885, the Fifth Auditor of the Treasury Department certified to the First Comptroller of the Treasury that he had examined and adjusted an account between the United States and the Commissioner of Internal Revenue, and found that the sum of $10,130.31 was due from the United States for the payment of the judgment against Coster, payable to Frerichs. On the 10th of February, 1885, the First Comptroller of the Treasury disallowed the claim, and no part of it has ever been paid.

The petition to the Court of Claims states that the claim is founded upon § 3220, and upon the fact that it has been allowed and certified to be paid by the Commissioner of Internal Revenue, with the approval aforesaid of the Secretary of the Treasury.

In the opinion of the Court of Claims delivered in the present case, 21 C. Cl. 16, it is stated that the First Comptroller disallowed the claim " for the reason that there was no certificate of probable cause issued and not sufficient evidence that the seizure was justified." The Court of Claims held that the proper party was entitled to recover the amount of the claim, and that, as between Frerichs and Coster, Frerichs was the proper party.

It is contended for the United States that Coster, and not Frerichs, was the proper party to recover the amount of this claim, and that Frerichs has not alleged that he has satisfied the judgment, nor his readiness to satisfy it on payment of the amount; and it is urged that the award of the Commissioner of Internal Revenue was made in favor of Coster, under the provisions of § 3220, upon the application of Coster.

It is true that the petition alleges that Coster applied for the payment of the judgment; but this is entirely consistent with the payment of the judgment to Frerichs, inasmuch as

the petition alleges that the judgment is wholly unpaid. Section 3220 provides that the Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized, on appeal to him made, to repay all damages and costs recovered against any collector in any suit brought against him by reason of anything done in the due performance of his official duty. When, after the recovery against the collector for such damages and costs, he appeals to the Commissioner of Internal Revenue, under § 3220, for the payment of the judgment, it is not improper to consider the application as one for the payment to the plaintiff in the judgment. Such payment is plainly authorized by § 3220, and it is apparent, upon the papers above recited, that both the Commissioner and the Secretary of the Treasury allowed the claim, to be paid to Frerichs, as did also the Fifth Auditor. The claim was thus created as a claim in favor of Frerichs against the United States, and it would be a mere circuity to pay the amount to Coster, when Frerichs is the real creditor of the United States, and when the payment directly to Frerichs by the United States would render it certain that Frerichs would receive the money and could thereupon enter a satisfaction of the judgment. It may be added, that, as § 3220, in its first clause, provides for the refunding of taxes and penalties to the person from whom they are collected, that is, to the person to whom the moneys so to be refunded are due, it is in harmony with such provision that the moneys and damages to be repaid under the second and third clauses should be paid to the person who recovers the judgment for them, if the judgment is not paid by the defendant.

It is stated in the opinion of the Court of Claims in this case, that it has been the uniform practice of the Commissioner of Internal Revenue and the Secretary of the Treasury, from the first enactment of the refunding statute, to make allowance, in cases of this character, to the judgment creditor, " and not to require the collector first to pay the same out of his own money, and then himself to apply for repayment from the public treasury."

It is objected that Frerichs has not agreed to receive the

amount in satisfaction of his judgment against Coster. But the averment in the petition, that the proposal of the Commissioner, which was approved by the Secretary of the Treasury, was a proposal to allow the claim to be paid to Frerichs upon due entry of satisfaction of the judgment, is an adoption by Frerichs of the terms upon which the allowance was made, and is, in substance, an agreement by Frerichs to receive the amount in satisfaction of the judgment. Nothing more could be required of Frerichs, under the award, than to enter satisfaction of the judgment simultaneously with the receipt of the money.

The payment of the amount of the judgment would *ipso facto* satisfy the demand of Frerichs against the United States, because it is provided by § 1092 of the Revised Statutes that "the payment of the amount due by any judgment of the Court of Claims, and of any interest thereon allowed by law," "shall be a full discharge to the United States of all claim and demand touching any of the matters involved in the controversy."

*The judgment of the Court of Claims is affirmed.*