## BRAMPTON WOOLEN CO. v. FIELD, Internal Revenue Collector.

District Court, New Hampshire.
Jan. 22, 1931.

Francis W. Johnston, of Claremont, N. H., and Henry M. Ward and Harry A. Fellows, both of Washington, D. C., for plaintiff.

Raymond U. Smith, U. S. Atty., of Concord, N. H., for defendant.

MORRIS, District Judge.

This is an action brought by the Brampton Woolen Company, a corporation having its principal place of business in Newport, in the district of New Hampshire, against John H. Field, United States collector of internal revenue for the district of New Hampshire, to recover the sum of $82,561.70, revenue tax assessed on the 1918 income which the plaintiff alleges was illegally exacted by the defendant and was paid under protest.

The writ was filed March 11, 1930. On April 8, 1930, the defendant, appearing specially for the purpose only of objecting to the jurisdiction of the court, filed a special plea alleging that this court ought not to have or take jurisdiction of said action, specifying the following reasons: (1) "Because the case is in effect a suit against the United States of America, it being brought against the Collector of Internal Revenue in his official capacity and involves over $10,000. (2) Because an action against the Collector is not a proper method of reviewing an assessment by the Commissioner of Internal Revenue which stands as final unless reviewed by the Board of Tax Appeals on a proper petition brought for that purpose." (3) Because a petition for a redetermination of a deficiency assessment for the calendar year 1918 was filed by this plaintiff with the United States Board of Tax Appeals on or about March 1, 1927, which appeal was decided adversely to the plaintiff and can only be reviewed by the Circuit Court of Appeals. (4) Because a payment has not been made in full of the income and profits tax for the year 1918. (5) Because at various dates between February 14, 1924, and November 15, 1926, the plaintiff filed various waivers of limitations on the determination, assessment, and collection of the income, excess profits, or war profits taxes of said plaintiff for the year 1918. (6) Because the Board of Tax Appeals and the Circuit Court of Appeals on review have been given exclusive jurisdiction to pass upon all questions involved in the assessment and determination of the facts of the year involved when an appeal has been taken to such Board from the decision of the Commissioner.

The plaintiff filed a replication to defendant's plea to the jurisdiction April 21, 1930. On April 23, 1930, the cause was heard upon defendant's plea to the jurisdiction, since which time written arguments have been filed by both parties.

The material facts appearing in the pleadings are as follows: A tentative return on form 1031T, which was provided by the Commissioner of Internal Revenue was filed March 14, 1919. This return showed a tax for the year ending December 31, 1918, of $120,000, of which the first quarterly payment of $30,000, was made by the plaintiff. The final and completed return of the plaintiff made on form 1120 was filed June 11, 1919. The tax computed on the face of the final return amounted to $73,657.76, and on or before June 15, 1919, the plaintiff paid to said collector the difference between the sum of the first two installments, and the amount first paid to it, $6,828.88, and thereafter on the succeeding quarterly days September 15 and December 15, 1919, or thereabouts, it paid to the collector the two remaining installments then due, making a total of taxes paid for the year 1918, $73,-657.76.

Thereafter on March 13, 1924, the Commissioner of Internal Revenue made a jeopardy deficiency assessment against the plaintiff for the year 1918, on account of its income and excess profits tax in the amount of $62,001.27.

The defendant alleges that between February 14, 1924, and November 15, 1926,

various waivers of limitations on the determination, assessment, and collection of the tax for 1918 were made. The plaintiff in its replication denies the filing of these waivers.

On or about September 3, 1929, the defendant, John H. Field, collector of internal revenue, served upon the plaintiff a second notice and demand for income tax, and in said notice threatened, if payment of the tax and interest was not received within ten days, to collect the same with costs and seizure and sale of the plaintiff's property. Thereupon, in order to avoid such seizure and sale of its property and under such threat of seizure and sale contained in said notice, the plaintiff paid to the defendant under protest the sum of $82,561.70, which covered the assessment of $62,001.27, with interest. The plaintiff now seeks to recover in this action the amount so assessed and collected because it says more than five years had elapsed since the date when the plaintiff filed its final return of its income and excess profits taxes for the year 1918, and more than five years since the date of payment of the last installment of its tax for the year 1918, to wit, December 15, 1919.

On January 8, 1927, the Commissioner of Internal Revenue made a determination of plaintiff's liability to a second deficiency assessment for the year 1918, in the amount of $2,224.95, and notified the plaintiff thereof by notice mailed January 8, 1927. On March 1, 1927, plaintiff appealed to the Board of Tax Appeals for a redetermination of plaintiff's liability for this deficiency assessment and assigned as errors, (a) the failure of the Commissioner to allow as a deduction from gross income in the year 1918 depreciation of plaintiff's machinery at the rate of 15 per cent. per annum; and (b) the Commissioner's failure to allow as a deduction from gross income in the year 1918 additional salaries paid to the amount of $30,000.

The Board of Tax Appeals sustained the determination of the Commissioner in a decision promulgated February 11, 1930. It is admitted that the United States Circuit Court of Appeals for the First Circuit has jurisdiction to review said determination of the Board of Tax Appeals, but it is denied that the jurisdiction of said Board of Tax Appeals is exclusive.

The plaintiff denies that its right to a refund of the $82,561.70 in any way depends upon the validity of the second deficiency assessment of $2,224.95. It is alleged that

the collector has not made a demand for the payment of the latter sum, and it is admitted that it has never been paid.

The plaintiff claims and alleges that all proceedings on the part of the collector of internal revenue and on the part of the United States for the collection of the first deficiency assessment which with interest amounts to $82,561.70, was barred by the limitations of time fixed for the collection of such taxes by the acts of 1918, 1921, 1924, 1926, and 1928, and in particular by the terms and provisions of the Revenue Act of 1926, and such liability was not revived by the act of 1928.

The plaintiff alleges that on or about the 16th day of October 1929, and within the time limited by law, a claim for refund of said sum of $82,561.70, was filed with the defendant collector setting forth as a reason why said refund should be granted that the collection was barred by the statute of limitations. The plaintiff further alleges that thereafter within six months from the date of the filing of the claim for a refund, to wit, on the 6th day of December 1929, the Commissioner of Internal Revenue wholly disallowed plaintiff's claim.

Two additional causes of action are set forth in plaintiff's declaration, both of which are dependent upon the failure of the first cause of action. First, plaintiff claims that a deduction from gross income of $30,000, the amount of increased salaries of its officers for the year 1918, was wholly wrongfully disallowed by the Commissioner. Second, The plaintiff claims that, owing to wartime activities, its machinery suffered extraordinary and unusual depreciation in excess of the normal depreciation of 7½ per cent. which was allowed by the Commissioner. Such additional depreciation was disallowed, and the plaintiff now seeks to establish an additional 7½ per cent. depreciation, or total depreciation of 15 per cent.

As already indicated, the defendant in its plea to the jurisdiction of this court claims that the action in effect is one against the United States, and, the amount in issue exceeding $10,000, it is cognizable only by the Court of Claims, that the only other method of determining the issues is by appeal to the Board of Tax Appeals, and, that method having been pursued as to a part of the 1918 tax, the plaintiff has made an election, and the whole matter must be determined under the statutory procedure provided by Congress.

The plaintiff replies that the common-law

right of action against the collector of taxes still exists, and that the present action is of that character and may be maintained.

█ I will first give consideration to the question of whether such common-law right of action is still maintainable against a collector of internal revenue or whether the machinery provided by Congress in the several internal revenue acts of recent years is exclusive.

The case of United States v. Emery, Thayer Realty Co., 237 U. S. 30, 35 S. Ct. 499, 500, 59 L. Ed. 825, was an action in the Court of Claims to recover the amount of taxes paid under protest. Objection to the jurisdiction was pressed by the government upon the ground that the only remedy was a suit against the collector. In the course of the opinion Mr. Justice Holmes says, "The right to sue the collector for an unjustified collection was given by the common law." This statement, however, is hardly applicable to the present state of the law. See Arnson v. Murphy, 109 U. S. 238, 3 S. Ct. 184, 27 L. Ed. 920; 243 Rev. St. § 3226 (as amended 26 USCA § 156). At the present time actions against collectors cannot be maintained until after certain statutory requirements have been complied with. In the case of Sage v. U. S., 250 U. S. 33, 39 S. Ct. 415, 63 L. Ed. 828, the distinction between an action at law against a collector and administrative proceedings and suits against the United States cognizable by the Court of Claims is pointed out in an opinion by the same distinguished jurist.

Numerous cases might be cited wherein actions have been maintained against a collector to recover moneys illegally collected with notice that they were paid under protest or under duress. See Rev. St. § 989 (title 28 USCA § 842).

However, the above citations cannot be said to be absolutely determinative of the jurisdiction of the District Court in the case at bar because of the passage of the administrative acts regulating the collection of internal revenue since the decision in Sage v. United States.

Revised Statute, § 989, provides for the payment of judgments against a collector if the court certifies that there was probable cause for the collector's acts. Rev. St. § 3220 (USCA title 26, § 149), authorizes the Commissioner of Internal Revenue to repay to any collector or deputy collector the full amount of any sums of money which may have been recovered against him in any court

on account of internal revenue statutes, illegally or erroneously collected by him. See United States v. Frerichs, 124 U. S. 315, 8 S. Ct. 514, 31 L. Ed. 470.

The above-cited statute has been held to authorize a suit against the collector of internal revenue. See Nichols v. Gaston (C. C. A.) 281 F. 67, 69; Fidelity & Columbia Trust Co. v. Lucas, Collector (D. C.) 7 F.(2d) 146, 149.

Revised Statute, § 3220, has been re-enacted in the Revenue Acts of 1918 (40 Stat. 1145, § 1316); 1921 (42 Stat. 314, § 1315); 1924 (43 Stat. 342, § 1011); 1926 (44 Stat. 115, § 1111, 26 USCA § 149); and was not repealed by the Revenue Act of 1928.

I find nothing in the recent acts of Congress inconsistent with the right of the taxpayer to maintain an action at law against the collector individually for taxes illegally assessed and collected if the provisions of Rev. St. § 3226 have been complied with. The fact that Congress has authorized suits and petitions against the United States for the recovery of money (title 28, USCA § 41 (20), formerly the Tucker Act, giving the District Court concurrent jurisdiction with the Court of Claims for the recovery of sums not exceeding $10,000, is not inconsistent with an action against a collector of internal revenue wherein a judgment against a collector individually may be obtained. Such a judgment is not a judgment in favor of the United States, as appears from the ruling of the Supreme Court in the case of Sage v. United States, supra.

The Board of Tax Appeals was not created by Congress until June 2, 1924. By that act and subsequent amendments a taxpayer through the administrative machinery provided may contest the Commissioner's determination of a tax by appeal to the Board of Tax Appeals, the Circuit Court of Appeals, and finally to the United States Supreme Court in advance of the payment of the tax, but this method is not exclusive of the taxpayer's right to refund in a suit against a collector or against the United States by name before the Court of Claims. Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918. The fact that Congress has re-enacted Rev. St. § 3220 in successive Revenue Acts and that Rev. St. § 989 has never been repealed is indicative of a legislative intent to preserve to taxpayers the common-law right of action against collectors subject to the requirements of Rev. St. § 3226 (26 USCA § 156).

From what already appears it follows that this court has jurisdiction of this action unless the plaintiff is barred upon some other ground not hereinbefore discussed.

■ The defendant contends that, because the plaintiff appealed from the second deficiency determination of $2,224.95 to the Board of Tax Appeals, that carried up the entire question of plaintiff's tax for the year 1918.

The deficiency assessment of $62,001.27 was made by the Commissioner March 13, 1924. As already said, the Revenue Act of 1924, establishing a Board of Tax Appeals was not enacted until June 2, 1924. Furthermore, under the provisions of the Acts of 1924 and 1926, the Board of Tax Appeals upon appeal did not review deficiency assessments. The actual assessment except jeopardy assessments was not made by the Commissioner until its validity had been determined on review by the Board, or by the court if appeal was taken from the Board. Revenue Act 1924, § 274 (26 USCA § 1048 note et seq. and § 1054 and note); Revenue Act of 1926, § 274 (26 USCA §§ 1048–1048 (f), 1050, 1052–1054 and note). It therefore follows that the assessment of March 13, 1924, cannot be affected by an election to appeal the subsequent and additional deficiency determination of $2,224.95 made January 8, 1927, to the Board of Tax Appeals for a redetermination.

The collection of the March 13, 1924, assessment was made by the collector before the final determination of the $2,224.95 deficiency had been made. While it of necessity follows that in making the additional deficiency determination the Commissioner must have taken into account prior assessments, I cannot see that the status of an assessment already made, the validity of which had been finally determined by the administrative board then provided was revived and made the subject of adversary proceedings by the determination of an additional deficiency January 8, 1927, unless affected by the waivers. There is nothing in the pleadings that show plaintiff's right to a refund was made an issue before the Board of Tax Appeals.

I therefore hold that as to the March 13, 1924, assessment the plaintiff is not barred by its election because of its appeal to the Board of Tax Appeals with reference to the January 8, 1927, deficiency determination.

The defendant calls attention to section 284 (e) of the Revenue Act of 1926, as amended in 1928 (26 USCA § 1065). This section does not appear to the court applicable to the instant case. The crux of the case is not whether the $62,001.27 was an overassessment or an overpayment, but whether it was collected after collection was barred. I do not understand that the plaintiff now contests the assessment. As to it, the only question in issue is whether the plaintiff is entitled to a refund.

■ The defendant further contends that this court is without jurisdiction because payments have not been made in full of the income and profits taxes for the year 1918.

It should be kept in mind that we are not now passing on the question of the merits of plaintiff's claim, but on the question of the jurisdiction of the court. My attention is called to the case of Suhr v. United States (C. C. A.) 18 F.(2d) 81. It seems to me the facts in that case are not applicable to the present case, and I hold that defendant's point is not well taken. Revenue Act 1926, § 284 (e), 26 USCA § 1065 (e) and note.

■ Two additional causes of action are set forth in the plaintiff's petition wherein it is claimed that the Commissioner erred in disallowing a deduction from gross income of $30,000 salaries or bonus paid officers of the corporation and an additional 7½ per cent. for extraordinary depreciation in 1918. As to these claims plaintiff's case stands quite differently.

On January 8, 1927, the Commissioner sent notice of an additional deficiency determination of $2,224.95, based on the disallowance of the two items mentioned. From this determination the plaintiff on March 1, 1927, appealed to the Board of Tax Appeals. That Board sustained the Commissioner. Plaintiff appealed the issue with respect to the disallowance of the $30,000 to the Circuit Court of Appeals for the First Circuit, where it is still pending at the time of the writing of this rescript. 45 F.(2d) 327.

The petitioner having first elected to pursue its remedy through the administrative board provided by Congress from which the exclusive right of appeal is to the Circuit Court of Appeals (Revenue Act 1926, § 1003 [26 USCA § 1226]) it is bound by its election, and this court will not take jurisdiction of the second and third causes of action alleged in plaintiff's petition.

I am not unmindful of the fact that the controlling rule with reference to the election of remedies does not preclude a litigant from pursuing two inconsistent remedies concurrently when in doubt as to which is the

right one. United States v. Oregon Lumber Co., 260 U. S. 290, 43 S. Ct. 100, 67 L. Ed. 261. It is also held that one may prosecute simultaneously consistent independent causes of action in courts of concurrent jurisdiction until full satisfaction is secured in one court or the other so that the question becomes res adjudicata. Boston & Maine R. R. v. Dutille (C. C. A.) 289 F. 320; General Outdoor Adv. Co. v. Williams (C. C. A.) 12 F.(2d) 773; Union Cent. Life Ins. Co. v. Drake (C. C. A.) 214 F. 536; McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; United Motors Corp. v. United States (D. C.) 44 F.(2d) 407, 410. But it seems to me that this doctrine is not applicable to the present situation. The plaintiff elected to appeal the last deficiency determination to the Board of Tax Appeals, and, that Board having sustained the Commissioner, the deficiency determination stands and can only be set aside by the Circuit Court of Appeals, that being the only tribunal vested with jurisdiction to reverse the Board except the Supreme Court of the United States. To permit the maintenance of an action in this court must practically nullify section 1003 supra. See James v. United States (Ct. Cl.) 38 F.(2d) 143; Ohio Steel Foundry Co. v. United States (Ct. Cl.) 38 F.(2d) 144, 147; Suhr v. United States (C. C. A.) 18 F.(2d) 81.

After considering the question raised by the defendant upon the first argument of the case, some of which then appeared to be matters of defense rather than jurisdictional, the court, considering that the statute of limitations in the several Revenue Acts might in some instances raise a jurisdictional question [Wisconsin National Life Insurance Co. v. United States (Ct. Cl.) 42 F.(2d) 316, 318], asked counsel for a reargument.

On November 6, 1930, the court after having written the first part of this rescript heard the parties at Littleton, at which time the several waivers and other papers affecting the issues were permitted to be marked for identification only, for the consideration of the court, without prejudice to the rights of the plaintiff to deny their validity.

### Waivers.

The defendant alleges in its plea to the jurisdiction that between February 14, 1924, and November 15, 1926, various waivers of limitations on the determination, assessment, and collection of the plaintiff's 1918 tax were filed which effect an extension of the time for the assessment and collection of the tax.

The plaintiff denies that it has filed waivers of limitations on the collection of its taxes for the year 1918, and denies the validity of such waivers as the defendant may offer in evidence, asserting in argument that they were fraudulently obtained.

Section 250 (d) of the Revenue Act of 1918 (40 Stat. 1082), provides for the assessment and collection of the tax within five years after the return was due or was made, and no suit or proceedings for the collection of any tax shall be begun after the expiration of five years.

The completed return on form 1120 was filed June 11, 1919. The tax on the original return was paid on the installment plan. The five years' limitation under section 250 (d) expired June 11, 1924. On February 7, 1924, plaintiff was notified of a deficiency of $62,001.27. This notice was accompanied by schedules showing the computations resulting in the deficiency, and closed with the words "Additional tax to be assessed $62,-001.27." It was also accompanied by a letter calling taxpayer's attention to section 250 (d) of the Revenue Act of 1921 (42 Stat. 266) granting the taxpayer thirty days in which to file an appeal and to show cause or reason why this tax or deficiency should not be paid. Seven days later, February 14, 1924, the first waiver was signed. On March 13, 1924, a jeopardy deficiency assessment was made. As some of the courts had held that the five-year limitation for assessment and collection began to run from the time the tentative return was filed, and it appearing that plaintiff's tentative return was filed March 14, 1919, and that the five years' limitation would expire on March 14, 1924, it is probable the Commissioner made the jeopardy assessment March 13, 1924, in order to avoid any question of the statute of limitations. From exhibits filed with the court for identification it appears that, as soon as the plaintiff got notice on February 7, 1924, of the proposed deficiency assessment a protest was entered, and within thirty days after the assessment was made a claim for abatement was filed.

It is apparent that the waiver was executed for the purpose of securing a reaudit of plaintiff's books and a redetermination of the deficiency. While the pleadings do not show the intervening steps between March 13, 1924, and January 8, 1927, with reference to the claim for abatement and whether or not the matter came before the income tax unit and the committee of appeals and review, the exhibits do show that on Janu-

ary 8, 1927, the taxpayer was notified that an audit of his returns for 1918 had been made and that it resulted in a further deficiency of $2,224.95. This notification was accompanied by complete schedules showing the method of computation and determination.

Under the act of 1918, both assessment and collection within five years were necessary. Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255.

Section 250 (d) of the Revenue Act of 1921 (42 Stat. 265) provided that "any such taxes due under any return made under this Act for prior taxable years * * * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior * * * Acts * * * shall be begun, after the expiration of five years after the date when such return was filed."

Section 277 (a) of the Revenue Act of 1924 (26 USCA § 1057 note) provides that, except as provided in section 278, taxes under the Revenue Act of 1918, shall be assessed within five years after the return was filed, and no proceedings in court for the collection of such taxes shall be begun after the expiration of such period. Section 278 (d), 26 USCA § 1061 note, provides that, where the assessment is made within the period prescribed in 277 of this section, such tax may be collected by distraint or by proceedings in court begun within six years after the assessment of the tax. Section 278 (e), 26 USCA § 1062 note, provides that this section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by proceedings in court if at the time of the enactment of this act such assessment, distraint, or proceeding was barred by the period of limitations then in existence; (2) or affect any assessment made, or distraint or proceeding in court begun, before the enactment of this act.

The limitation of five years for the assessment and collection under the Revenue Acts of 1918 and 1921, expired June 15, 1924. The Revenue Act of 1924, was passed June 2, 1924. The deficiency assessment was made March 13, 1924, prior to the passage of the act. Therefore section 278 (e) (2) appears to be applicable and the period of five years' limitation was not affected by the 1924 act. This is the holding in the case of Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255.

The conclusion follows that, unless the period of collection was extended by waivers, the plaintiff is entitled to a refund.

The first waiver bears date of February 14, 1924, and was received at the department February 27, 1924. It reads as follows:

"Income and profits tax waiver. In pursuance of the provisions of sub-division (d) of section 250 of the Revenue Act of 1921, Brampton Woolen Company of Newport, N. H., and the Commissioner of Internal Revenue, hereby consent to a determination, assessment and collection of the amount of income, excess-profits or war-profits taxes due under any return made by or on behalf of the said Brampton Woolen Company for the years 1918 under the Revenue Act of 1921, or under prior income, excess-profits or war-profits tax acts, or under section 38 of the act [36 Stat. 112] entitled, 'An Act to provide revenue, equalize duties and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, irrespective of any period of limitations."
[Signed]    Brampton Woolen Company,
By John McCrillis, Treas.
D. H. Blair, Commissioner, L. L.

It will be noted that this waiver contains no expiration limit. Such a waiver was sustained in the case of Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335, by the Supreme Court in an opinion handed down January 5, 1931, and it has been held that such waiver operates to extend the statutory period of limitations a reasonable time after the date of its execution. Assuming that it extended the statutory period for one year in accordance with the Department letter of February 7, 1924, the next waivers were signed January 17, 1925, and February 10, 1925. Both within the year following the first waiver. These waivers were to remain in effect until December 31, 1925. Both of these waivers made reference to the assessment of the 1918 and 1919 taxes, but no reference is made to the collection of the 1918 tax. This omission, however, is of no importance, because in the Stange Case above cited it is held that the parties cannot have intended to have the amount of the tax ascertained and to leave the taxpayer free to pay it or not. They clearly contemplated the entire procedure necessary to determination and collection of the tax. See, also, Aiken v. Burnet, 282 U. S. 277, 51 S. Ct.

148, 75 L. Ed. 339, United States Supreme Court, January 5, 1931.

The next waiver dated August 19, 1925, and received by the Department September 6, 1925, has reference to the years 1918, 1919, and 1920, and consents to an extension for a period of one year for the determination, assessment, and collection of taxes for the three years above mentioned.

The last waiver is dated November 15, 1926, and is worded as follows: "In pursuance of the provisions of existing internal revenue laws Brampton Woolen Company, a taxpayer of Newport, New Hampshire, and the Commissioner of Internal Revenue, hereby waive the time prescribed by law for making an assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the year (or years) 1918 and 1919 under existing revenue acts or under prior revenue acts. This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1927, and shall then expire."

■ It thus appears that there is a complete line of waivers, each succeeding waiver signed before the previous one expired, extending from February 14, 1924, down to December 31, 1927. Notice of the last deficiency was given January 8, 1927.

Under the provisions of Revenue Act of 1928, § 506 (c), 26 USCA § 1060 note, it is provided that the amendment to the Revenue Act of 1926, by the Act of 1928, shall not be construed as in any manner affecting the validity of waivers made prior to the enactment of this act, which shall be determined according to the law in existence at the time such waiver was filed. The last waiver was dated November 15, 1926, and received at the Department November 18, 1926, and in accordance with Revenue Act of 1928, § 506 (c), it must be interpreted according to the law in existence at the time it was filed, which was the Revenue Act of 1926.

Revenue Act of 1926, § 277 (a) (3), 26 USCA § 1057, provides that, except as provided in section 278, any tax under the Revenue Act of 1918, shall be assessed within five years after the return is filed, and no proceedings in court without assessment for the collection of such taxes shall be begun after the expiration of such period. The exception under section 278 is found in paragraph (c), 26 USCA § 1060 note, which provides that, where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment, the tax may be assessed at any time prior to the expiration of the period agreed upon, and paragraph (d), 26 USCA § 1061 and note, provides that, where the assessment of any tax imposed by this title or prior acts of Congress has been made, whether before or after the enactment of this act, within the statutory period of limitation properly applicable thereto, such tax may be collected within six years after the assessment of the tax or prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

As the assessment of the $62,001.27 was made March 13, 1924, the time for its collection under the applicable statute above quoted extended the period for collection to March 13, 1930. This is assuming the validity of the several waivers tentatively filed with the court.

As the $62,001.27, with interest was collected in September, 1929, the collection was timely, and the plaintiff upon the face of the papers before me is not entitled to a refund.

But the plaintiff contests the validity of the several waivers, and they are not properly before the court as exhibits. I find nothing in them which affects the jurisdictional question which at this time is the only question before the court.

As herein before stated, I am not passing on the merits of the plaintiff's claim or determining the facts that may be brought out on trial. This rescript is filed solely for determining the question of jurisdiction.

The defendant's plea to the jurisdiction is overruled, and it is given twenty days from the filing of this rescript in which to plead.